LOUIS THAMES CHEVROLET CO., Appellant,

v.

Ingeborg HATHAWAY, Appellee.

No. 01–85–0820–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 5, 1986.

---

Wayne Adams, Lorance & Thompson, Michael W. Cooper, Lorance & Thompson, Houston, for appellant.

Douglas A. Sandvig, Kissner & Pappas, Houston, for appellee.

Before EVANS, C.J., and HOYT and WARREN, JJ.

## OPINION

WARREN, Justice.

This is an appeal from a jury verdict in a personal injury suit.

On April 15, 1978, a car owned by appellant and driven by Sandra LaFour struck another vehicle, knocking it into a vehicle driven by appellee. Appellee sustained serious injuries, for which the jury awarded her over $485,000 damages.

The jury also found: (1) that Sandra LaFour's negligence was the proximate cause of the injuries; (2) that LaFour was not in the course and scope of her employment with appellant when the accident occurred, (3) that appellant negligently entrusted the vehicle to LaFour; and (4) failed to find that LaFour was a reckless and incompetent driver.

The judgment assessed damages jointly and severally against appellant and Sandra LaFour, but LaFour has not appealed.

The main question in this case is whether the evidence and the jury's findings are sufficient to support a verdict against appellant under the theory of negligent entrustment.

On Saturday, April 15, 1978, Sandra LaFour was an employee of appellant, an automobile dealership in Anahuac. Her main duties were running errands and doing clean-up work. On that date, Sandra was allowed to drive one of the demonstrator cars home over the weekend with instructions to vacuum and clean it and return it on Monday. There was little or no testimony as to any instructions given Sandra or as to any questions asked of her before she drove the car away. Sandra was 18 years old, she held a valid Texas Operator's Driver's License, she had received one traffic ticket, but she had never had an automobile collision while driving.

On the afternoon of April 15, while driving from Anahuac to Humble to visit her mother, Sandra struck a vehicle from behind, knocking it into the vehicle driven by appellee.

In four points of error, appellant urges that the evidence was legally and factually insufficient to support the jury's finding that the automobile was negligently entrusted to Sandra LaFour. Appellant also claims that the court erred in submitting issues on future medical expenses, past wages lost, and future earning capacity to the jury, and that the damages were excessive. Appellant argues that there was a fatal conflict between the jury's finding of negligent entrustment and of Sandra LaFour not being a reckless and incompetent driver.

Our disposition of this cause requires that we discuss only appellant's points of error relating to negligent entrustment and the jury's failure to find that Sandra LaF-

our was an incompetent and reckless driver.

An owner who entrusts his automobile to a person who he knows or should know is an incompetent driver is guilty of negligent entrustment.

To recover under a negligent entrustment theory, the plaintiff must prove:

(1) entrustment by the owner to an incompetent or reckless driver;

(2) that the owner knew or should have known that the driver was incompetent or reckless;

(3) that the driver was negligent on the occasion in question, and

(4) that the driver's negligence proximately caused the accident. *Williams v. Steves Industries, Inc.*, 699 S.W.2d 570, 571 (Tex.1985); *Mundy v. Pirie-Slaughter Motor Co.*, 146 Tex. 314, 317–18, 206 S.W.2d 587, 588, 591 (1947).

Appellant does not contest the jury's findings that Sandra LaFour's negligence proximately caused the accident, but insists that there is no evidence or insufficient evidence to show that Sandra was a reckless or incompetent driver, or that appellant knew or should have known that she was a reckless or incompetent driver. We agree.

There was no evidence showing that Sandra's past driving performance was such that a prudent person, considering the safety of others on the highways, would deny her access to his automobile. The only blemish on her record was a traffic ticket; that is not sufficient to establish incompetency or recklessness. *Broesche v. Bullock*, 427 S.W.2d 89, 93 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.).

Appellee contends that a plaintiff is not limited to the prior driving record of the driver to establish a negligent entrustment, but that the condition, state, or situation of the entrustee at the time of the entrustment may be given equal or greater credence in determining whether circumstances of the entrustment constitute negligence. We agree with the contention, but

again, no facts were shown that would bring appellant's entrustment into that category. There was no evidence showing that Sandra had been drinking alcoholic beverages, that she was ill, or that she had a mental or physical impairment that would affect her driving ability. *See Montgomery Ward & Co. v. Marvin Riggs Co.*, 584 S.W.2d 863, 865–66 (Tex.Civ.App.—Austin 1979, writ ref'd n.r.e.); *Broesche*, 427 S.W.2d at 93.

After viewing only the evidence favorable to appellee, as we are required to do on "no evidence" points of error, we find that it is legally insufficient to support the jury's finding of negligent entrustment.

Further, in answer to Special Issue 4A, the jury failed to find that Sandra LaFour was a reckless and incompetent driver "on the occasion in question." The issue, as contended by appellee, is confusing because the jury could have considered "the occasion in question" to be the moment of the accident rather than the time the entrustment was made. But we view the error, if any, as harmless because there was no evidence adduced that would support an affirmative finding to the issue.

Appellee contends that appellant has not preserved error because it failed to specifically inform the court in its motion for directed verdict why it was entitled to the relief sought. Appellant, in addition to its motion for instructed verdict, also objected to the submission of issue 4 (the negligent entrustment issue), and complained of its submission in appellant's motion for judgment non obstante veredicto and in its motion for new trial. Appellant has preserved the error.

Appellant's points of error I, II, III, and IV are sustained.

The judgment is reversed, and judgment is rendered that appellee take nothing from appellant.