**Mary PARKER, Appellant,**

v.

**FOX VACUUM, INC., et al, Appellees.**

**No. 09 86 206 CV.**

Court of Appeals of Texas,
Beaumont.

May 21, 1987.

Opinion on Appellees' Motion for
Rehearing June 18, 1987.

Rehearing Denied June 18, 1987.

Michael McGown, Weller, Wheelus &
Green, Beaumont, for appellant.

Gordon R. Pate and Joe Michael Dodson,
Pate & Dodson, Beaumont, for appellees.

OPINION

DIES, Chief Justice.

Mary Parker, Calvin Parker, and Revenal Parker, as next friend for Aaron Bradley Parker, as plaintiffs below, sued Fox Vacuum, Inc., and Maurice Fregia, defendants below, as a result of an intersection collision. Suit was brought by plaintiffs for both actual and punitive damages. After a jury trial, judgment was given plaintiffs for actual damages only, from which judgment plaintiffs have perfected appeal to this Court.

The first point of error advanced is:

"The trial court erred in failing to admit into evidence the testimony of Fregia regarding his prior convictions for DWI."

Plaintiffs had pleaded negligent entrustment and negligent hiring by defendant Fox of defendant Fregia, its truck driver.

The jury found, in answer to Special Issue No. 7, that defendant Fox was negligent in hiring Fregia as a driver, in ascertaining his driving experience and in training Fregia, but failed to find that any of these acts of negligence was a proximate cause of the collision. In Special Issue No. 8, the jury failed to find that defendant Fregia was a reckless and incompetent driver. In Special Issue No. 9, the jury failed to convict defendant Fox of negligent entrustment, and in Special Issue No. 10, failed to find any gross negligence. In Special Issue No. 11, the jury found defendant Fox's conduct "regarding the hiring of ... Fregia and permitting him to use the vehicle was a heedless and reckless disregard of the rights of others...." The court concluded,

> "The Court, having observed that the Jury found in answer to Special Issue No. 11 that the Defendant, Fox ... acted with heedless and reckless disregard of the rights of others with regard to the hiring of ... Fregia and permitting him to use the vehicle, and the Court having further observed that the Jury previously found in answer to Speical (sic) Issue No. 7 that such negligence was not a proximate cause of the occurrence in question, the Court finds that the Plaintiff, Mary Parker, is not entitled to recover the sum of $12,500.00 in exemplary damages in Special Issue No. 18."

Our Supreme Court has delineated the elements of negligent entrustment in *Williams v. Steves Industries, Inc.,* 699 S.W.2d 570, 571 (Tex.1985). They are:

(1) Entrustment of a vehicle by the owner;

(2) to an unlicensed, incompetent, or reckless driver;

(3) that the owner knew or should have known to be unlicensed, incompetent, or reckless;

(4) that the driver was negligent on the occasion in question; and

(5) that the driver's negligence proximately caused the accident.

The Supreme Court then cited *Mundy v. Pirie-Slaughter Motor Co.*, 146 Tex. 314, 206 S.W.2d 587, 591 (1947).

Negligent entrustment "on the occasion in question" does not mean at the time of the accident but rather the time the entrustment was made. *Louis Thames Chevrolet Co. v. Hathaway*, 712 S.W.2d 602, 604 (Tex.App.—Houston [1st Dist.] 1986, no writ). And the doctrine in a given case will support a finding of gross negligence and exemplary damages. *Williams v. Steves Industries, Inc., supra.*

Defendants urge there is no evidence alcohol had any part in this accident. There is little doubt but what Fregia just ran through a red light and struck the Parker vehicle which was proceeding through a green light. But the issue of negligent entrustment, and more especially gross negligence, is "not causation, but [a] state of mind—[Fox's] conscious indifference to the rights, welfare, and safety of the persons it affects." *See* dissent in *Williams v. Steves Industries, Inc., supra;* also *Burk Royalty Co. v. Walls*, 616 S.W.2d 911, 922 (Tex.1981).

In *Wilson N. Jones Memorial Hospital v. Davis*, 553 S.W.2d 180 (Tex.Civ.App.—Waco 1977, writ ref'd, n.r.e.), a jury found the hospital to be reckless in hiring a certain orderly, and awarded exemplary damages. The act of negligence was attempting to remove a Foley catheter from plaintiff. The Court observed (at 182):

"Had the Defendant Hospital followed this procedure [checking his references and investigating his work background] and made the reference check with the Navy, they would have learned that [the employee] had been expelled from the Navy Medical Corps School after only one month's training, that he had a serious drug problem, and a criminal record."

In other words, the incompetence or recklessness of the employee need not necessarily be the proximate cause of the event causing the injury. If the employer hired an incompetent or reckless employee without a proper investigation of that employee's past, and negligence by the employee causes injury to another in furtherance to the employee's duties with the employer, then the employer can be found negligent in hiring the employee or, in the case at bar, in entrusting a truck to his care, and be required to respond in damages, including punitive, depending, of course, on the quantum of evidence.

*Wilson N. Jones Memorial Hospital v. Davis, supra,* at 183, makes this statement:

" 'Punitive damages can properly be awarded against a master or other principal because of an act by an agent if, but only if ...

" '... the agent was unfit and the principal was reckless in employing him, ....' "

Thereafter, citing many authorities.

In *Hines v. Nelson*, 547 S.W.2d 378, 385 (Tex.Civ.App.—Tyler 1977, no writ), the Court held the owner's stipulation or admittance that respondeat superior applied "would render moot any issue of negligent entrustment ..." except where gross negligence was contended. While we have some reservations about this pronouncement, it does not affect the case we now review because, of course, gross negligence was contended. The fact that Appellants' bill of exception fails to show the dates of Fregia's convictions, we think, goes to the weight of the evidence, not to its admissibility. We sustain Appellants' first point of error and remand this case to the trial court for a new trial.

Reversed and Remanded.

### ON APPELLEES' MOTION FOR REHEARING

PER CURIAM.

Appellees present two grounds upon which they argue that the opinion of this

Court, issued May 21, 1987, is in error. By their first ground, Appellees argue that this Court erred in holding that the trial court erred in failing to admit into evidence the testimony of Mr. Fregia regarding his prior convictions for driving while intoxicated. We find that this ground is without merit and it is overruled.

By their second ground, Appellees urge that this Court erred in remanding this case to the trial court as to all of the plaintiffs because only Mary Parker perfected an appeal from the trial court. The record reflects that only Mary Parker has perfected an appeal; therefore, we sustain Appellees' second ground. This cause is remanded to the trial court only as to Mary Parker, since the judgment of the trial court has become final as to all other plaintiffs.

Motion denied in part and granted in part.