**J. Frank KNIGHT, Jr., Appellant,**

**v.**

**Harold J. SMITH et al., Appellees.**

**No. 16789.**

Court of Civil Appeals of Texas.

Dallas.

July 22, 1966.

L. W. Anderson, Dallas, for appellant.

Florey & Florey, Mount Pleasant, for appellees.

BATEMAN, Justice.

The appellant J. Frank Knight, Jr. appeals from an order overruling his plea of privilege to be sued in Tarrant County. The plaintiffs were the appellees Harold J. Smith and his daughter, Ladye Smith White, joined by her husband, Jimmy White, who sued for damages to an automobile owned by Smith and personal injuries of Mrs. White, resulting from a collision between the said automobile and another being operated by the appellant.

The collision occurred on September 11, 1964 on the campus of East Texas State University, at Commerce, Hunt County, Texas. Jimmy White and Ladye Smith, who were affianced but not yet married, were using Smith's automobile and had parked it in a parking area in which cars were parked on both sides, headed into the curb, leaving a space about 15 feet wide between the backs of the parked cars. White backed the car out into that space, stopped it, changed gears and had gone forward about 10 feet when the car he was driving was struck at the left end of the rear bumper by the car being operated by the appellant. A photograph in evidence shows substantial damage to that car at the rear part of the right front fender. White testified that he looked back twice as he was backing out from the place where the Smith automobile was parked, but did not see the car driven by appellant until after the collision; that he, White, was driving about two to five miles per hour, and it appeared to him that the other car was trying to go around him on the left side. His testimony was corroborated to some extent by Ladye Smith, the only other person in the car. The appellant did not testify. No findings of fact or conclusions of law were requested or filed.

That being true, the order overruling the plea of privilege implies all necessary fact findings in support of the judgment, leaving for us the duty of determining whether there is any evidence to support the judgment and the implied findings of fact incident thereto. In doing so we consider only that evidence most favorable to the appellees and disregard entirely that which is opposed to the judgment or contradictory in its nature. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 613, 23 A.L.R.2d 1114; Austin v. Cochran, Tex. Com.App., 2 S.W.2d 831; Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696; Skidmore v. Finley, Tex.Civ.App., 396 S.W.2d 952. Moreover, every reasonable intendment must be resolved in favor of the order. James v. Drye, 159 Tex. 321, 320 S.W.2d 319, 323, and cases cited therein.

Appellees alleged that appellant was negligent in failing to maintain a proper lookout, failing to make proper and timely application of his brakes, in following too closely, in failing to turn his automobile to the left, and in operating at excessive speed; and in their controverting plea they adopted the allegations of their petition and alleged that venue lay in Hunt County by virtue of Subdivision 9a of Art. 1995, Vernon's Ann.Civ.St., in that appellant's negligence occurred in that county.

Appellant contends, in his first two points of error on appeal, that (1) there was no evidence, and (2) insufficient evidence, to show that he was guilty of negligence proximately causing the accident. He argues that appellees only proved that there was an accident, which is in itself no proof of negligence and raises no inference of negligence, citing Rankin v. Nash-Texas Co., 129 Tex. 396, 105 S.W.2d 195.

Moreover, appellant says, as pointed out in Pacific Finance Corp. v. Rucker, Tex. Civ.App., 392 S.W.2d 554:

"* * * the mere fact that her automobile was struck from the rear does not raise an issue of negligence or estab-

lish such. *Whether an automobile being struck from the rear raises an issue of negligence or establishes it as a matter of law depends on all the facts and circumstances of the particular case.* (Italics ours.)

When it is shown that the defendant's vehicle has collided with the rear of the plaintiffs' vehicle, while both are traveling in the same direction, under the facts and circumstances shown by this record, an inference of negligence may be justified, particularly when the defendant sees fit, as he did here, not to offer any explanation or extenuating circumstance to obliterate the inference. As said in Edwards v. Hawkins, Tex.Civ.App., 77 S.W.2d 1098, 1099, no wr. hist.:

"A person exercising ordinary care in the operation of a car on a public highway does not ordinarily overtake and collide with another vehicle traveling on the proper side of the road and at a reasonable speed. Such an unusual accident, in the very nature of things, suggests negligence. Appellee's allegations and proof showed more than a mere collision and resulting injury. They showed the character of the accident and such circumstances attending the same as to justify an inference of negligence on the part of appellant."

In Sutherland v. Cotter, Tex.Civ.App., 226 S.W.2d 476, no wr. hist., where the facts were quite similar to those of the case at bar and the defendant did not see fit to contradict the testimony of the plaintiff, it was held that the undisputed evidence showed, as a matter of law, that the defendant's driver was negligent in driving his truck too close to the plaintiff's car and that such negligence was a proximate cause of the collision.

See also Erck v. Zelios, Tex.Civ.App., 401 S.W.2d 867, and the numerous cases cited therein holding the drivers of the rear vehicles in rear end collision cases to have been negligent as a matter of law.

Appellant's first two points of error are overruled.

By his third point of error appellant contends that, since appellees did not prove damages of sufficient amount to show that the district court had jurisdiction of the case, his plea of privilege was erroneously overruled. We see no merit in this point. Damages in excess of $500 were alleged, and there was proof of some damage, both to Smith's automobile and on account of Mrs. White's injuries. There was no contention that the allegations of damages were fraudulently made for the purpose of conferring jurisdiction on the court, nor was jurisdiction otherwise attacked. Under these circumstances it must be held that jurisdiction of the court over the controversy was adequately shown for the purpose of determining the proper venue of the case. 11-B Tex.Jur., Courts, § 59, p. 368; Luse v. Union City Transfer, Tex.Civ.App., 324 S.W.2d 935, 938, wr. dism.; National Life Co. v. Rice, 140 Tex. 315, 167 S.W.2d 1021, 1024; Hawkins v. Schroeter, Tex.Civ.App., 212 S.W.2d 843, 847, no wr. hist.; 60 Tex.Jur.2d Venue, § 200, pp 21–22. The third point is overruled.

Finding no reversible error, we affirm the order of the trial court overruling the plea of privilege.

Affirmed.