**H. E. B. FOOD STORES, INC., Appellant,**

v.

**Irene WARNCKE, Appellee.**

**No. 14802.**

Court of Civil Appeals of Texas.

San Antonio.

Sept. 17, 1969.

Groce, Hebdon, Fahey & Smith, Damon Ball, San Antonio, for appellant.

James R. Warncke, San Antonio, for appellee.

KLINGEMAN, Justice.

This is an appeal from an order overruling defendant's, H. E. B. Food Stores, Inc., plea of privilege in a suit to recover damages allegedly sustained by plaintiff, Mrs. Irene Warncke, as a result of a fall over a Christmas tree stand while she was a customer at defendant's store in Bexar County, Texas. Venue was maintained in Bexar County under Subd. 9a, Art. 1995, Vernon's Ann.Civ.St., after a non-jury trial.

Defendant asserts that there was no evidence and/or insufficient evidence of the existence of a condition involving an unreasonable risk of harm; that there was no evidence and/or insufficient evidence that defendant knew that the tree stand was situated upon the sidewalk of its store; that there was no evidence and/or insufficient evidence that defendant should have known that the tree stand was situated on the sidewalk of its store; that defendant owed no duty to plaintiff because the presence of the tree stand was open and obvious.

On the night of December 6, 1968, plaintiff and her daughter-in-law, Mrs. Patsy Warncke, went to defendant's retail grocery store about 7:30 p. m., parking in the parking area in front of the store, some distance south of the east entrance. The store faces south and there is a covered sidewalk that runs the entire length of the front of the store. Plaintiff went directly into the store, but Patsy Warncke went to look at the Christmas trees which were

being displayed in a more or less open enclosure called a pen, situated on the parking area near the western end of the sidewalk. The Warncke car was parked to the southeast of the pen enclosure. Patsy Warncke testified that she found the tree which she considered buying, brought it out of the pen and propped it between the pen and the sidewalk. She then went into the store, joined plaintiff, and they continued to shop for about an hour. After they had finished their shopping in the store, they went to their car with the boy taking their groceries. Patsy Warncke and plaintiff then went to the area where the Christmas trees were displayed, approaching this area from the east or southeast. Patsy Warncke located the tree she had picked out, which was a 7 or 8 foot Scotch pine. Thereafter Patsy Warncke and plaintiff picked up the tree and carried it to the sidewalk. When her daughter-in-law let go of the tree to step back and inspect it, plaintiff stepped backwards to brace herself and stepped into the Christmas tree stand on the sidewalk and fell. The Christmas tree stand was made of two by fours, approximately three feet in width, six feet in length and six inches high. The stand was lying flat on the sidewalk slightly east of the Christmas tree pen area, and adjacent to a number of carts which were also located on the sidewalk immediately in front of the western portion of the store.

■■■ No findings of fact or conclusions of law were requested of or filed by the trial court. The trial court's judgment, therefore, implied all necessary fact findings in support of the judgment. In seeking to determine whether there is any evidence to support the judgment and the implied findings of fact incident thereto it it proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contrary in nature. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114 (Tex.Sup. 1951); Austin v. Cochran, 2 S.W.2d 831 (Tex.Comm'n App. 1928, jdgmt adopted); Cartwright v. Canode,

106 Tex. 502, 171 S.W. 696 (1914); Knight v. Smith, 405 S.W.2d 392 (Tex.Civ. App.—Dallas 1966, no writ). On appeal from an order overruling a plea of privilege, every reasonable intendment must be resolved in favor of the trial court's judgment. James v. Drye, 159 Tex. 321, 320 S.W.2d 319 (Tex.Sup. 1959); Langdeau v. Erwin, 367 S.W.2d 945 (Tex.Civ.App.—Austin 1963, writ dism'd).

Plaintiff alleged that defendant, its servants, agents, or employees negligently placed and permitted to remain a wooden rack in one of the aisles between the Christmas trees on display and the store. There is no direct evidence that defendant placed such rack on the sidewalk, although defendant's store manager testified that the rack belonged to them, that it was kept under their care and supervision, and that it wasn't supposed to be on the sidewalk. There is testimony that such Christmas tree stand had been on the sidewalk in the position it was when the accident happened, for at least an hour. Patsy Warncke testified that after she picked out the Christmas tree she walked to the store, that as she walked toward the store on the sidewalk, she was looking down to see where she was going, and that she was right on the tree stand before she saw it, that due to the presence of the tree stand, she was forced to get off the sidewalk and walk on the asphalt paved area in going to the store. She further testified that she was in the store shopping for about an hour. The manager of the store testified that it was a busy night and that defendant had carry-out boys going in and out of the store all over the parking lot, one after another, and that in a period of an hour many different carry boys would have made numerous trips in and out of the store into the parking area; that if he had known the empty tree stand was lying across the sidewalk he would have had it removed right away.

■■ Under the record before us, we cannot say that there was no evidence to sustain the implied finding of the trial court that defendant was guilty of acts of negli-

gence proximately causing plaintiff's injury, or that there is no evidence or insufficient evidence that defendant knew or should have known that the tree stand was on the sidewalk.

Defendant's points of error that there is no evidence or insufficient evidence of the existence of a condition causing an unreasonable risk of harm are also overruled. The tree stand was made of wooden two by fours, approximately three feet wide, six feet long, and six inches high. It was located on a sidewalk or passageway, where it was not supposed to be, for more than an hour, in an area where it could reasonably be anticipated that defendant's customers would be using the sidewalk or passageway. There is evidence that the stand obstructed most of the sidewalk. The accident occurred at night, and although the evidence shows that there were lights in the area, there is evidence that the lighting was poor and that this was compounded by the casting of shadows from the trees and carts close to the tree stand. There is evidence that there were branches of the trees on the sidewalk, which obscured the tree stand and made it more difficult to see. The evidence discloses that plaintiff backed into the tree stand while she and her daughter-in-law were inspecting one of the Christmas trees. There is evidence, more than a scintilla, of the existence of a condition involving an unreasonable risk of harm.

Defendant's last point of error, that defendant owed no duty to plaintiff because the presence of the stand was open and obvious, presents a more difficult problem. It is undisputed that plaintiff was a business invitee on defendant's premises. It is settled that the defendant occupier owed a duty to plaintiff to keep the premises in a reasonably safe condition. This included the duty to inspect and discover dangerous conditions. Its duty was to protect its invitees from dangers of which the occupier knew, or because of its duty to inspect, should have known in the exercise of ordinary care. Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex.Sup. 1963); McKee v. Patterson, 153 Tex. 517, 271 S.W.2d 391 (1954); Justice Greenhill, Assumption of Risks, Vol. XVI, Baylor Law Review, 111. Under the no duty doctrine, a plaintiff invitee ordinarily cannot recover if he knows of the condition and realizes and appreciates the danger or is charged in law with such knowledge, realization and appreciation. Wesson v. Gillespie, 382 S.W.2d 921 (Tex.Sup. 1964); H. E. Butt Grocery Company v. Quick, 396 S.W.2d 541 (Tex.Civ.App.—San Antonio 1965, no writ). Reviewing in part the evidence, the accident happened at night. The tree stand obstructed or took up most of the sidewalk in a place regularly used by defendant's customers and at a position where it should not have been. There is evidence that although there were lights in the area, the lighting was poor and vision was further obstructed by shadows cast from trees and carts. There is evidence that broken branches of trees were scattered on the sidewalk in the area where the tree stand was located and to an extent they were hiding the tree stand from view. It is undisputed that plaintiff did not see the tree stand, and when questioned as to whether plaintiff had an ample opportunity to see the stand on the sidewalk, Patsy Warncke stated: "No. As I said before, it was dark on the ground and the baskets were casting their shadows right there on the walk and she was watching me * *." There is no evidence that plaintiff had been in that area that night prior to the time of the accident, or at any time.

The trial judge in overruling defendant's plea of privilege impliedly found that plaintiff did not have knowledge, realization, and appreciation of the dangerous condition created by the presence of the tree stand on the sidewalk prior to the time of her fall. We cannot say from the record that plaintiff is charged with such knowledge, realization and appreciation as a matter of law.

The judgment of the trial court is affirmed.