**R. G. REVISORE, Appellant,**

**v.**

**Walter Lee WEST, Appellee.**

**No. 310.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 7, 1970.

Rehearing Denied Feb. 4, 1970.

John Held, Baker, Botts, Shepherd & Coates, Houston, for appellant.

Harold Lloyd, Randall Shenk, Houston, for appellee.

SAM D. JOHNSON, Justice.

Appeal from an order overruling a plea of privilege.

Walter Lee West was involved in an automobile collision in Harris County with Ralph Parker Eagerton, III, while Eagerton was driving an automobile which had been loaned to him by R. G. Revisore. West filed the instant suit in Harris County against Revisore, Eagerton and the Aluminum Company of America. West later included Revisore's employer, Wear-Ever, as a party defendant and took a voluntary non-suit as to the Aluminum Company of America. Revisore is a resident of Travis County, Texas, Eagerton is a resident of the State of Alabama and Wear-Ever is a foreign corporation.

Revisore filed a plea of privilege. A controverting plea was filed by West to maintain suit in Harris County pursuant to exceptions 9a and 29a of Art. 1995, R.C.S. The trial on the plea of privilege was to the court, and the trial court entered its order overruling Revisore's plea. This appeal is perfected from that ruling.

Appellee West makes no contention relative to exception 29a in his brief before this Court. West's only contention to maintain venue in Harris County is relative to Exception 9a, Art. 1995, R.C.S. West makes no assertion that Revisore is responsible for Eagerton's action under the doctrine of respondeat superior. West's position is that Revisore was guilty of negligent entrustment of his company automobile to Eagerton. It was therefore necessary for West to prove by a preponderance of the evidence that Revisore was negligent in entrusting his company automobile to Eagerton on the morning of the accident in question, and that Eagerton was guilty of negligence in causing the collision. It is Revisore's position that West has not proved that he (Revisore) committed an act or omission of negligence which was a proximate cause of West's injuries. It is undisputed that Eagerton borrowed Revisore's company car, that

Eagerton was involved in the accident in Harris County and that West sustained injuries in the collision. It is conceded by West that Eagerton's driving record was not sufficient to show that Eagerton was an habitually reckless and careless driver. It is West's contention that there was negligence in the entrustment of the company car by Revisore because of the physical and mental condition of Eagerton at the time in question.

On the date of the occurrence Eagerton was 18 years of age. He was a student at Allen Military Academy in Bryan who had come to Houston as a part of a field trip on Saturday, September 24, 1966. He had never been to Houston before. He left the other students with whom he had traveled at the University of Houston and walked downtown. During the day Eagerton walked around downtown and had nothing to eat or drink except a cup of coffee.

Revisore was a division sales manager for Wear-Ever who had traveled to Houston to supervise independent distributors who sell cutlery. He arrived on Friday. The evening of the next day, Saturday, September 24, 1966, at about 9:00 p. m., Revisore drove his automobile from the Town House Motel where he was staying downtown to eat. After eating Revisore got back in his car and started driving. Revisore then picked up Eagerton in his car as Eagerton was walking down Main Street. At the time of this occurrence Revisore and Eagerton had never met before and were strangers to each other.

Eagerton said that he was going to Rice University to wait for a friend. Revisore said that he had to go back to his motel to meet a distributor and asked Eagerton if he wanted to go with him. Revisore and Eagerton then drove together to the Town House Motel. In his room Revisore had several bottles of whiskey and he offered Eagerton drinks. Eagerton accepted the offer and had a drink which was a bourbon and Coke. This drink was mixed by Revisore and occurred very shortly after they arrived at the motel. Though Revisore expressed doubts about Eagerton's truthfulness Eagerton told Revisore he drank frequently and that he "had drank earlier that evening." Revisore knew Eagerton was under 21 years of age.

Revisore and Eagerton had been in the motel room about 20 or 30 minutes when Greg Frasier, the distributor whom Revisore was expecting, arrived. Revisore, Eagerton and Frasier stayed together talking and watching television until sometime between 1:00 and 2:00 a. m. on Sunday, September 25, 1966. Frasier then left.

It was at this point in the night, at approximately 2:00 a. m., that Eagerton asked Revisore if he could borrow his car to go downtown and get something to eat. Upon being asked by Revisore, Eagerton said that he knew how to drive, that he had a driver's license and that he was a good driver. Revisore testified that he did not think Eagerton was intoxicated. Revisore then gave Eagerton the keys and loaned him the car. Eagerton testified that he had nothing else to drink after leaving and that he had only one bourbon and Coke to drink during the 24 hours that preceded the collision. Eagerton also testified that he had never had his driver's license suspended or revoked for any reason.

The collision between Eagerton and West occurred at approximately 5:00 a. m. in the general area of the intersection of Main and Holcombe. W. E. Plaster, an investigating officer of the City of Houston Police Department, testified that he found indications that Eagerton had been drinking. He determined this by Eagerton's breath and Eagerton's statement confirming this fact. In response to the question of whether Eagerton appeared to be intoxicated, Officer Plaster answered, "No, Sir" and he further stated that Eagerton was able to talk and converse normally.

Jerome Johnson was a disinterested witness. He testified that he and a friend, Robert Anderson, were in the vicinity of the intersection about 5:00 a. m. on September 25, 1966. They were about 25 yards

away with their backs turned when the collision occurred. Johnson testified that Eagerton appeared to have been drinking or had something to drink. Johnson based this upon Eagerton's appearance, walk and the general way he was conducting himself.

Robert Anderson, also a disinterested witness, testified that he also observed Eagerton after the accident at the scene of the collision. It was his testimony that Eagerton was intoxicated.

■■■ It is clear that an owner who entrusts his automobile to a person known to him to be an incompetent or reckless driver is guilty of negligence. Mundy v. Pirie-Slaughter Motor Co., 146 Tex. 314, 206 S.W.2d 587 (1947). Reliance is generally placed upon evidence of previous traffic violations, previous habits or intemperance in efforts to establish incompetence or recklessness in negligent entrustment cases. See Broesche v. Bullock, Tex.Civ.App., 427 S.W.2d 89, writ ref., n. r. e., where many of these decisions are summarized. In the instant case, however, it is conceded that Eagerton's previous driving record was insufficient to show that Eagerton was habitually reckless and careless.

West's contention is that Revisore was negligent because of the physical and mental condition of Eagerton at the time of the entrustment.

■■■ Findings of fact or conclusions of law were not requested or filed by the trial court. The trial court's order therefore implies all necessary fact findings in support of the judgment. This Court's responsibility is to determine if there is any evidence to support the judgment and the implied findings of fact. H. E. B. Food Stores, Inc. v. Warncke, Tex.Civ. App., 444 S.W.2d 954, no writ hist. In doing so we consider only that evidence most favorable to the appellees and disregard entirely that which is opposed to the judgment or contrary in its nature. Renfro

Drug Co. v. Lewis, 149 Tex. 507, 235 S.W. 2d 609, 23 A.L.R.2d 1114 (1950); Knight v. Smith, Tex.Civ.App., 405 S.W.2d 392, no writ hist. Every reasonable intendment will be resolved in favor of the trial court's judgment. James v. Drye, 159 Tex. 321, 320 S.W.2d 319 (1959).

Applying the foregoing rules we are of the opinion that there is evidence in the record to support the trial court's judgment. Until shortly before the entrustment Eagerton was a complete stranger to Revisore. He had never driven in Houston and was a stranger to the city. Having told Revisore that he had been drinking earlier, this young man was offered other drinks and drank at least one. It was under these circumstances that he was then loaned the car in the dead of night. He was thereafter involved in an accident and was described as intoxicated by a disinterested witness.

■■■ There is no question that an entrustee's previous driving record or driving habits may show incompetence, recklessness or intemperance. Seinsheimer v. Burkhart, 132 Tex. 336, 122 S.W.2d 1063 (Comm.App. 1939); Mundy v. Pirie-Slaughter Motor Co., supra; Broesche v. Bullock, supra. Such showing, however, is not limited to evidence of previous driving experiences. Equal or greater credence may be attached to the condition, state, or situation of an entrustee at the time he is loaned an automobile. An entrustment may be deemed negligent where an entrustee is physically or mentally incapacitated, intoxicated or for any reason lacking in judgment or perception. In such instances knowledge of the entrustor of the incompetency or recklessness of the driver is apparent. Such factors may evidence negligence on the part of the entrustor who, oblivious to them or their potential impact, entrusts an automobile under the circumstances here prevailing. Appellant's first point of error is overruled.

The next three points assert error of the trial court in admitting testimony by witnesses Plaster, Johnson and Anderson relative to certain statements allegedly made at the scene of the accident. One, by Eagerton to Officer Plaster, was to the effect that Eagerton stated he was driving south on Main Street when the signal light turned red as he was about to enter the intersection immediately preceding the collision. In addition to this direct evidence concerning the cause of the accident, witnesses Johnson and Anderson testified, over objection that it was hearsay, that Eagerton told West at the scene of the accident that he had fallen asleep and run a red light. The trial court admitted the testimony as an admission against interest. Such declaration was clearly admissible as a res gestae statement, particularly against the objection made. Stone v. Whitt, Tex. Civ.App., 259 S.W.2d 923, no writ hist.; Missouri Pacific Railroad Co. v. Rose, Tex. Civ.App., 380 S.W.2d 41, writ ref., n. r. e.

The final point of error is directed to the trial court's admission of witness Anderson's deposition testimony which indicated that he was being interrogated about an event which occurred exactly one year prior to the accident. The actual date of the accident was September 25, 1966, and the deposition testimony referred to such date as September 25, 1965. All of the facts referred to in the deposition coincide with the true date and the judge of the trial court recited that he could "with common sense figure out when he (Anderson) was actually there." The trial was before the court, it was in the trial court's discretion to admit such testimony under a presumption of identity of such dates. Galveston, H. & S. A. Ry. Co. v. Sanchez, Tex. Civ.App., 65 S.W. 893, no writ hist. Appellant's final point of error is overruled.

The judgment of the trial court is affirmed.

Affirmed.