**Dereck NOBBIE, et al., Appellants,**

v.

**AGENCY RENT–A–CAR, INC., Appellee.**

**No. 13–88–124–CV.**

Court of Appeals of Texas,
Corpus Christi.

Dec. 30, 1988.

Rehearing Denied Jan. 26, 1989.

Robert J. Patterson, J. Homer Cavazos, Steve T. Hastings, Kathryn Snapka, Corpus Christi, for appellants.

Mary E. Taylor, Corpus Christi, for appellee.

Before NYE, C.J., and SEERDEN and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

Appellants, plaintiffs below, sued appellee to recover damages for personal injuries arising out of an automobile collision. At the close of evidence, the trial court granted appellee's motion for a directed verdict. Alleging five points of error, appellants seek a new trial. We affirm.

On February 13, 1986, appellants Keith Nobbie and Dereck Nobbie were traveling north on the Nueces Bay Causeway when their car stalled. Shortly thereafter, appellant Hector Mario Bravo stopped to render aid. Mr. Bravo and Dereck Nobbie were tying the stalled car to Mr. Bravo's van, so they could pull the disabled car from the causeway. Keith Nobbie stood behind the stalled car some 40 to 50 feet to flag traffic over. Keith Nobbie testified that some 50 cars or more had passed around the stalled vehicle when a white Ford LTD, driven by Patricia Satler Moore, came over the hill "at a good speed." Keith attempted to wave the car over, to no avail. He jumped out of the way and saw the white car collide into the rear of the stalled car causing all three vehicles to move forward some 25 feet. Mr. Bravo was killed, and Dereck Nobbie was severely injured. Ms. Moore was driving a car she had rented from appellee, Agency Rent-a-Car. It was later established that Ms. Moore was a heroin addict and had injected herself with heroin approximately four hours prior to the collision.

Appellants argue on appeal that appellee negligently entrusted the rental car to Ms. Moore because the company knew or should have known she was an incompetent or reckless driver due to her heroin dependency and due to her driving history.

Points of error one through four concern whether there was any evidence of negligent entrustment entitling appellants to submit special issues to the jury on that theory. In reviewing the granting of a motion for directed verdict, an appellate court must consider all the evidence in the light most favorable to the party against whom the directed verdict was granted and disregard all contrary evidence and inferences. *Vance v. My Apartment Steakhouse of San Antonio, Inc.*, 677 S.W.2d 480, 483 (Tex.1984). All evidence supporting the non-movant's allegations must be

accepted as true, and only if there exists no fact issue left to be decided by the trier of fact will the verdict be allowed to stand. *C.S.R., Inc. v. Industrial Mechanical, Inc.,* 698 S.W.2d 213, 216 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.); *Blaeser Development Corp. v. Aldridge,* 664 S.W.2d 830, 831 (Tex.App.—Corpus Christi 1984, no writ).

■ The elements of proof necessary to maintain a cause of action for negligent entrustment are (1) entrustment of a vehicle by an owner (2) to an unlicensed, incompetent or reckless driver (3) that the owner knew or should have known to be unlicensed, incompetent, or reckless (4) that the driver was negligent on the occasion in question and (5) that the driver's negligence proximately caused the accident. *Schneider v. Esperanza Transmission Co.,* 744 S.W.2d 595, 596 (Tex.1987); *Williams v. Steves Industries, Inc.,* 699 S.W.2d 570, 571 (Tex.1985); *Mundy v. Pirie–Slaughter Motor Co.,* 146 Tex. 314, 206 S.W.2d 587, 591 (1947).

■ A review of the entire record before us reveals some evidence of all the necessary elements of negligent entrustment except that the owner of the entrusted vehicle knew or should have known that the driver to whom it entrusted the vehicle was unlicensed, incompetent or reckless. The owner of the entrusted vehicle was appellee, Agency Rent-a-Car.

It is undisputed that Ms. Moore had a valid driver's license. The question remains as to whether she was known or should have been known by Agency to be a reckless or incompetent driver. Appellee first encountered Ms. Moore through its agent, Mr. McCampbell, when he delivered the white Ford LTD to her at her home in Rockport on January 8, 1986. At that time, Mr. McCampbell verified that she had a valid driver's license as required by Tex. Rev.Civ.Stat.Ann. art. 6687b, § 38 (Vernon 1977 and Vernon Supp.1989). He also checked to see that she had liability insurance. The next encounter between Ms. Moore and appellee took place three days later when Ms. Moore went to the agency to make a payment. She continued to go to appellee's office approximately once per week or once every two weeks to make payment and renew her contract on the rented automobile.

Ms. Moore testified that on January 27, 1986, her birthday, a "friend" gave her some heroin, and she became addicted once again to the drug. Ms. Moore had been a heroin addict off and on since 1974. She testified that after she became readdicted to heroin, she continued to go to appellee's office to make her payments for the use of the car. She testified that she would go to appellee's office prior to injecting the heroin and that at those times she was not experiencing withdrawal such that the symptoms would be evident to others. The evidence showed that withdrawal symptoms resemble a severe case of the flu. She testified that possibly someone with "training" could detect her heroin addiction. There was no evidence in the record as to what this training would be.

Dr. Eric Comstock, a psychiatrist specializing in the treatment of chemical dependency, testified that he could recognize an addict only upon physical examination. He also testified that he would not diagnose an addict after "just an over the counter confrontation."

Dr. David Feltoon, a psychologist specializing in the treatment of chemical dependency, testified that he thought he could identify a heroin addict but that he did not know whether a lay person could do so. He also testified a trained lay person might be able to recognize an addict, but he also testified that the training would have to be sophisticated. He stated that he was not aware of such training currently being done and that he was not sure just how it would be accomplished.

Ms. Moore testified that she looked "a little different" due to slight weight loss and constricted pupils. She also testified that she was more hyperactive. McCampbell and another employee, Tim Norvel, saw Ms. Moore when she came to appellee's office to pay for the car. Neither of them noted anything unusual about her.

The police officers who investigated the accident testified that she did not act in an unusual manner. Officer Ermis, a police officer who investigated the accident, testified that he had had much training, both academic and on-the-job, in identifying intoxicated persons and that she did not appear to be under the influence of drugs or alcohol. He, in fact, checked her for intoxication because he noted the smell of alcohol in her car.

The last time prior to the accident that appellee rented this vehicle to Ms. Moore was on February 6, 1988, when she again personally visited appellee's office to make payment. Nothing out of the ordinary was noted vis a vis Ms. Moore's behavior or appearance. None of the people who saw Ms. Moore at the scene of the accident testified that she appeared to be addicted, intoxicated, suffering the effects of withdrawal or in any other way unfit to drive a car.

Appellants also assert that appellee should have known Patricia Satler Moore was an incompetent or reckless driver because her driving record, had appellee obtained it, would have shown the company representatives that she was not a fit driver.

The record shows that had the company sought her driving record, it would have discovered nothing to indicate she was an unfit driver. In fact, the only violation of traffic laws which would have appeared on the record appellee would have received was a citation for a defective head lamp. This is not sufficient to predicate liability for negligent entrustment. *Louis Thames Chevrolet Co. v. Hathaway*, 712 S.W.2d 602, 604 (Tex.App.—Houston [1st Dist.] 1986, no writ); *Broesche v. Bullock*, 427 S.W.2d 89, 93 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.); *Mayer v. Johnson*, 148 S.W.2d 454, 457 (Tex.Civ. App.—Amarillo 1941, writ dism'd judgmt cor.). She had received one speeding ticket in 1985; however, this citation would not have appeared on her driving record at the time of renting the vehicle.

Appellants further assert that appellee could have inquired into Ms. Moore's driving history by asking her questions; however, such an inquiry, if honestly answered, would have revealed only that in addition to the defective headlamp citation, her license had been suspended twice in connection with a judgment taken against her in 1978, eight years prior to the accident in question. Her license had been reinstated since 1981.

Appellants have failed to adduce more than a scintilla of proof that appellee knew or should have known Patricia Satler Moore was an incompetent or reckless driver.

Appellants' fifth point of error asserts that the trial court erred in failing to grant appellants' motion for new trial because there was sufficient evidence presented at trial to entitle appellants to submit the issue of gross negligence by appellee to the jury. It is not necessary for us to decide this point because we have already determined that appellee was not negligent in entrusting its vehicle to Ms. Moore.

By cross-point, appellee seeks sanctions against appellants pursuant to Rule 84 for appealing the judgment. We decline to so sanction appellants. The record does not reveal and appellee has not shown that this appeal was taken primarily to delay or harass; therefore, sanctions are not proper. *Wheeler v. Wheeler*, 713 S.W.2d 148, 151 (Tex.App.—Texarkana 1986, writ dism'd.); *State Farm Mutual Automobile Insurance Co. v. Clark*, 694 S.W.2d 572, 575 (Tex.App.—Corpus Christi 1985, no writ).

Appellants' points of error one through four are overruled. The judgment of the trial court is AFFIRMED.