UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 96-50931
_____

KEITH MCGUIRE,

Plaintiff-Appellee,

versus

CHRISTOPHER NOLEN WRIGHT, ET AL.,

Defendants,

UNITED STATES OF AMERICA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
(EP-95-CV-99)

_____

Before POLITZ, Chief Judge, GARWOOD, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Primarily at issue is whether, in finding negligent entrustment, the district court erred in holding that the United States should have known that a military dependent was "reckless" when he rented its vehicle because it should have known that he was uninsured. (In order to rent the vehicle, he falsely claimed to

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

have automobile liability insurance.)  We **REVERSE** that part of the judgment and **RENDER**.

I.

The Morale, Welfare and Recreation Agency at Fort Bliss, Texas (MWRA), is a non-appropriated fund activity of the United States Government.  One activity is renting vehicles to military personnel and their dependents.

On 29 September 1993, Christopher Wright, a military dependent, rented a vehicle from MWRA.  First, in accordance with MWRA policy, Wright was required to present a valid driver's license, a military dependent identification, and proof of automobile liability insurance.  In so doing, for the latter, he presented a copy of a document purportedly issued by Texas Low Cost Insurance, which provided that his insurance was in effect (current) until December 1994, *more than a year later*.

The rental agreement required Wright to return the vehicle the following day; he failed to do so.  Numerous telephone calls were made by MWRA employees to Wright in an unsuccessful attempt to secure the vehicle's return.  On 17 October 1993, Wright, while driving the vehicle, hit Keith McGuire's.  After the accident, MWRA learned that Wright's proof of insurance had been false.

In this action, McGuire sued Wright for negligence; the United States, pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.*, for negligent entrustment.  The district court

maintained supplemental jurisdiction over the negligence claim, which was tried to a jury in August 1996. It awarded McGuire $66,500.

Next, pursuant to the FTCA, 28 U.S.C. § 2402, the district court ruled against the United States on the negligent entrustment claim. It held both that Wright was reckless for failing to maintain automobile liability insurance, which it first ruled was required by Texas law; and that a "special condition" existed — MWRA should have known that Wright was reckless because it should have determined that he was uninsured. The district court treated the jury verdict against Wright as advisory with respect to damages against the United States, and entered judgment against the United States and Wright, jointly and severally, for $66,500.

## II.

The United States asserts that the district court erred in holding both that Wright was a reckless driver, because of his lack of insurance; and that such lack was a "special condition" of which MWRA should have been aware, thus making the entrustment negligent. (The United States also claims error in the award of interest. We need not reach that issue.)

McGuire urges a clearly erroneous standard of review. "In FTCA cases the clearly erroneous standard governs our review of factual determinations, including damages." *Ferrero v. United States*, 603 F.2d 510, 512 (5th Cir. 1979); *Sebree v. United States*,

567 F.2d 292 (5th Cir. 1978). But, the United States maintains that it does not challenge findings of fact. It asserts, instead, that conclusions of law are at issue, mandating *de novo* review. *See, e.g.,* **Bartley v. Budget Rent-A-Car Corp.**, 919 S.W.2d 747, 752 (Tex. App.--Amarillo writ denied 1996).

We need not decide this issue. Even under the more strict clearly erroneous standard, we find reversible error. Of course, a trial court's findings are clearly erroneous only "when, after reviewing the entire evidence, we are 'left with the definite and firm conviction that a mistake has been committed.'" **Wakefield v. United States**, 765 F.2d 55, 57 (5th Cir. 1985) (quoting **United States v. United States Gypsum Co.**, 333 U.S. 364, 395 (1948)).

It bears repeating that at issue is *not* whether Wright was negligent. Instead, at issue is whether the United States negligently entrusted its vehicle to Wright.

> The FTCA, subject to several exceptions, waives the sovereign immunity of the United States, making it liable in tort "in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C. § 2674, for certain damages "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

**Johnson v. Sawyer**, 47 F.3d 716, 727 (5th Cir. 1995) (en banc) quoting 28 U.S.C. §§ 1346(b), 2674. Accordingly, in FTCA actions,

- 4 -

issues of liability are determined by state law. *See, e.g.,* ***Brooks v. United States***, 695 F.2d 984, 987 (5th Cir. 1983). For this negligent entrustment claim, we look to Texas law.

Under such law, the elements for this claim are: (1) entrustment of a vehicle by the owner; (2) to an unlicensed, incompetent, or reckless driver; (3) the owner knew, or should have known, the driver was unlicensed, incompetent or reckless; (4) the driver was negligent on the occasion in question; and (5) such negligence proximately caused injury. *E.g.,* ***Schneider v. Esperanza Transmission Co.***, 744 S.W.2d 595, 596 (Tex. 1987); ***Bartley***, 919 S.W.2d at 749-50; ***Martin v. Avis Rent-A-Car Sys., Inc.***, 932 S.W.2d 697, 699 (Tex. App.--Houston [14th Dist.] 1996). (Moreover, in order to establish that the entrustment was the proximate cause of the injuries, it must be shown that the entrustor should reasonably have anticipated "that an injury would result as a natural and probable consequence of its entrustment." ***Schneider***, 744 S.W.2d at 596.)

At issue are the second and third elements for negligent entrustment. Again, the second element is whether Wright was unlicensed, incompetent or reckless; the third, whether MWRA knew, or should have known, this.

As for that second element, it is undisputed here that, on renting the vehicle, Wright presented a valid driver's license; and that there is no indication that he was incompetent. But, as

noted, the district court found that Wright was *reckless* for operating a vehicle in violation of Texas law, by failing to maintain automobile liability insurance; the district court had first ruled that this failure violated Texas law. As for the third element, the court found that the MWRA should have known that Wright was reckless, because it should have known that he was uninsured.

Under Texas law, as the district court held, an entity engaged in renting vehicles is required only to verify a valid driver's license. TEX. REV. STAT. ANN. art. 6687b § 38; *see **Nobbie v. Agency Rent-A-Car, Inc.**,* 763 S.W.2d 590, 592 (Tex. App.--Corpus Christi 1988, writ denied). Therefore, proof of automobile liability insurance was *not* a prerequisite for MWRA to lawfully rent the vehicle to Wright. **Id.** Accordingly, for rental purposes, MWRA was not required to verify that the policy Wright presented was valid. In short, the procedure employed by MWRA for renting vehicles (requiring not only a valid driver's license, but also military identification and proof of liability insurance) exceeded the requirements of Texas law. Indeed, unless the MWRA knew, or should have known, that Wright was reckless, it had no duty to investigate his driving record. *See **Bartley,*** 919 S.W.2d at 752.

### A.

The United States contends that the district court erred in finding that Wright was reckless solely because he operated the

vehicle in violation of the Texas Motor Vehicle Safety Responsibility Act. When Wright rented the vehicle, the Act provided: "no motor vehicle may be operated in this State unless a policy of automobile liability insurance ... is in effect to insure against potential losses which may arise out of the operation of that vehicle." TEX. REV. CIV. STAT. ANN. art. 6701h § 1A(a) (current version at TEX. TRANS. CODE ANN. § 601.051).

The United States asserts that the statute does not apply to government owned vehicles. On the other hand, the MWRA nevertheless required proof of insurance. In any event, even assuming the statute does apply, failing to maintain such insurance does not *per se* constitute recklessness for negligent entrustment purposes, as hereinafter discussed.

Within the context of negligent entrustment, a driver is reckless when his *driving* presents a danger to others. *See, e.g., Green v. Texas Elec. Whol., Inc.,* 651 S.W.2d 4, 6 (Tex. App.-- Houston [1st Dist] 1982) ("basis of responsibility under the doctrine of negligent entrustment is the owner's own negligence in permitting his motor vehicle to become a dangerous instrumentality by putting it into a driver's control *with knowledge of the potential danger existing by reason of the incompetence or reckless nature of the driver*") (emphasis added); *Hines v. Nelson*, 547 S.W.2d 378, 384-85 (Tex. Civ. App.--Tyler 1977) (same); *Revisore v. West*, 450 S.W.2d 361, 364 (Tex. Civ. App. 1970, no writ)

- 7 -

("[r]eliance is generally placed upon evidence of previous traffic violations, previous habits or intemperance in efforts to establish incompetence or recklessness in negligent entrustment cases."); **Broesche v. Bullock**, 427 S.W.2d 89, 93 (Tex. Civ. App.--Houston [14th Dist.] 1968, writ refused n.r.e.) (issue is whether by virtue of the driver's habits, he is reckless to the extent that he cannot safely operate the vehicle).

Failure to maintain the insurance is most imprudent, to say the least. But, as the United States urges, for negligent entrustment purposes, it does not define *per se* a driver's ability to safely operate a vehicle. For a vehicle rental transaction,

> the fact that [a driver] held and exhibited a valid, unrestricted driver's license [to the rental agency] was prima facie evidence of his competency to drive a motor vehicle and, absent any evidence to the contrary at the time he rented the truck, conclusively negated the element that [the rental agency] then knew or should have known that [the driver] was an incompetent or reckless driver.

**Bartley**, 919 S.W.2d at 752.

### B.

Arguably, because the Wright-was-reckless finding is clearly erroneous, our inquiry should be at an end. But, the district court seemed to also base recklessness, and the requisite knowledge of it, on a "special condition" — that the insurance expiration date should have caused MWRA to become aware that Wright was uninsured and, therefore, reckless. Again, there is negligent

entrustment only if MWRA knew, or should have known, that Wright was reckless.

## 1.

There is no evidence that MWRA *knew* Wright's proof of insurance was false and he was, as a result, uninsured. Indeed, he presented a valid driver's license and military dependent identification, and, in fact, had been a regular MWRA customer earlier that year. Moreover, the district court noted that, on all prior occasions, Wright had presumably complied with the rental contract and timely returned the vehicles. In fact, there is testimony from the MWRA employee who rented the vehicle to Wright that, on at least two prior occasions in 1993, Wright rented vehicles and complied with MWRA policies, including presenting proof of insurance. Moreover, there is testimony that, if a customer presented proof of insurance that was current (that is, *not* outside the expiration date, as it was not in this case), it was not MWRA policy to telephone the insurer to verify the validity of the policy.

## 2.

Accordingly, we turn to whether MWRA *should have known* of Wright's recklessness, resulting solely from his being uninsured. Along this line, as stated, the district court found that Wright's uninsured status was a "special condition" of which MWRA *should have been aware*. It ruled: "In the exercise of reasonable

diligence, the employees of the MWR[A] could have and should have recognized that the insurance document presented by Wright was 'fishy'", because the expiration date was more than a year away. In this regard, the court stated: "It is common knowledge in Texas that automobile insurance policies are issued for periods of six months or one year, but never longer."

In finding this special condition, the district court relied on *Revisore*, 450 S.W.2d at 364, for the proposition that, in establishing recklessness, in addition to a driving record, credence may be given to the condition of the entrustee at the time the vehicle is provided to him. *Id.* This is certainly correct; but, in *Revisore*, the entrustee had been drinking, and was a stranger in the city where he was driving. *Id.* The special condition referred to in *Revisore* focused on whether, at the time of entrustment, the entrustee is "physically or mentally incapacitated, intoxicated or for any reason lacking in judgment or perception." *Id.; see also Louis Thames Chevrolet Co. v. Hathaway*, 712 S.W.2d 602, 604 (Tex. App.--Houston [1st Dist.] 1986) (condition at time of entrustment did not reveal that entrustee had been drinking, was ill, or had any physical or mental impairment).

McGuire has not cited any authority, nor have we found any, holding that the absence of automobile liability insurance, even if known to an entrustor, is a special condition upon which negligent entrustment may be based. Pursuant to the finding that automobile

- 10 -

liability policies in Texas are never issued for a period greater than a year, it may well be that the greater-than-a-year-expiration date presented by Wright should have been a red flag to MWRA. But, for *negligent entrustment* purposes, and as discussed *supra*, this simply cannot translate into finding that MWRA *should have known* Wright was reckless. To so find was clearly erroneous.

## III.

The district court clearly erred in holding the United States liable. Accordingly, that portion of the judgment is **REVERSED**, with judgment **RENDERED** for the United States.

***REVERSED in PART and RENDERED***