TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






ON MOTION FOR REHEARING









NO. 03-06-00364-CV






T. Christopher Robson, Appellant


v.


Garrett Gilbreath and David Gilbreath, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT

NO. D-1-GN-04-002474, HONORABLE DARLENE BYRNE, JUDGE PRESIDING






O P I N I O N



 T. Christopher Robson appeals the trial court's order sanctioning him $10,000 for
failure to conduct a reasonable inquiry prior to filing a negligent entrustment claim against appellee
David Gilbreath. Robson contends that the negligent entrustment claim was not groundless and
that he conducted a reasonable inquiry prior to filing the claim. He also contends that the trial court
erred by failing to state the specific reasons for the sanctions in the order and by imposing sanctions
absent evidence that he filed the negligent entrustment claim in bad faith or for the purpose of
harassment. We affirm.

 Robson represented plaintiffs in a lawsuit against appellees David Gilbreath and
Garrett Gilbreath. The lawsuit concerned an automobile accident that occurred in February 2004
during which a vehicle driven by Garrett Gilbreath struck and killed Elizabeth Daley, the mother
and wife of plaintiffs. Plaintiffs asserted claims against Garrett Gilbreath for negligence and against
Garrett's father, David Gilbreath, "for negligently entrusting a large vehicle, such as his Chevrolet
Suburban, to a sixteen-year-old minor [Garrett] who had little driving experience."

 After the first amended petition was filed on November 10, 2004, the parties agreed
to postpone taking depositions until the minor children of the estate of Elizabeth Daley were brought
into the case and the probate matters of the estate of Elizabeth Daley were resolved. On December
3, 2004, Fred Coogan, attorney for appellees, sent a letter brief to Robson requesting him to dismiss
the negligent entrustment claim against David Gilbreath because it was groundless. Coogan attached
a copy of Garrett's driver's license and an affidavit from David Gilbreath to the letter brief. Robson
contends that he informed Coogan that he would consider nonsuiting the negligent entrustment claim
if appellees' deposition testimony did not provide support for the claim.

 On August 5, 2005, appellees filed a no-evidence motion for partial summary
judgment and a traditional motion for partial summary judgment on the negligent entrustment claim. 
In the traditional motion for partial summary judgment, appellees requested sanctions against
Robson "for filing a groundless claim and/or for failing to nonsuit a groundless claim against
Defendant, David Gilbreath." A hearing on the motions for partial summary judgment was originally
scheduled for September 1, 2005. However, on August 23, 2005, the parties agreed that Coogan
would cancel the summary judgment hearing and that the depositions would be postponed until such
time as the probate matters of the estate of Elizabeth Daley were resolved.

 The probate court signed and approved a judgment declaring heirship and authorizing
letters of dependent administration in the estate of Elizabeth Daley on January 24, 2006. On March
22, 2006, Robson filed a motion for continuance of the hearing on appellees' no-evidence motion
for partial summary judgment, which was scheduled for March 30, 2006, arguing that appellees had
not cooperated with several requests for depositions. The court held a hearing on the motion for
continuance on March 30, 2006, and ordered a continuance of the hearing on the motions for partial
summary judgment for at least 40 days for the specific purpose of "tak[ing] defendants' depositions."

 David Gilbreath and Garrett Gilbreath were deposed on April 14, 2006. Shortly
thereafter, plaintiffs nonsuited their claims against David Gilbreath. On May 2, 2006, the trial court
held a hearing on appellees' motion for sanctions and found "good cause for sanctions because of the
failure of Plaintiffs' counsel [Robson] to conduct a reasonable inquiry prior to filing suit." It ordered
Robson to pay $10,000 to David Gilbreath. On July 10, 2007, the parties entered into a Rule 11
settlement agreement dismissing the plaintiffs' claims against Garrett Gilbreath. The trial court
subsequently entered a take nothing judgment in favor of Garrett Gilbreath.

 The only issue in this appeal concerns the trial court's order sanctioning Robson
$10,000 for failure to conduct a reasonable inquiry prior to filing suit. A trial court's decision to
impose sanctions under Texas Rule of Civil Procedure 13 will not be reversed on appeal unless
an abuse of discretion is shown. Randolph v. Jackson Walker L.L.P., 29 S.W.3d 271, 276
(Tex. App.--Houston [14th Dist.] 2000, pet. denied). A trial court abuses its discretion in imposing
sanctions only if it bases its order on an erroneous view of the law or a clearly erroneous assessment
of the evidence. Monroe v. Grider, 884 S.W.2d 811, 816 (Tex. App.--Dallas 1994, writ denied). 

 Texas Rule of Civil Procedure 13 authorizes a trial court to impose sanctions against
an attorney, a represented party, or both, who file a pleading that is either (1) groundless and brought
in bad faith; or (2) groundless and brought for the purpose of harassment. See Tex. R. Civ. P. 13. 
One purpose of the rule is to check abuses in the pleading process--that is, to ensure that at the time
the challenged pleading was filed, the litigant's position was factually grounded and legally tenable. 
Appleton v. Appleton, 76 S.W.3d 78, 86 (Tex. App.--Houston 2002 [14th Dist.], no pet.). To
determine whether rule 13 sanctions are proper, the trial court must examine the facts and
circumstances in existence at the time the pleading was filed. Elkins v. Stotts-Brown, 103 S.W.3d
664, 668 (Tex. App.--Dallas 2003, no pet.).

 In his first issue, Robson contends that the trial court erred by granting appellees'
motion for sanctions because the claim he filed against David Gilbreath for negligent entrustment
was not groundless. Groundlessness turns on the legal merits of a claim. River Oaks Place Council
of Co-Owners v. Daly, 172 S.W.3d 314, 322 (Tex. App.--Corpus Christi 2005, no pet.). To
establish negligent entrustment of an automobile, a plaintiff must prove the following elements:
(1) the owner entrusted the automobile, (2) to a person who was an unlicensed, incompetent, or
reckless driver, (3) who the owner knew or should have known was incompetent or reckless, (4) the
driver was negligent, and (5) the driver's negligence proximately caused the accident and the
plaintiff's injuries. De Blanc v. Jensen, 59 S.W.3d 373, 375-76 (Tex. App.--Houston [1st Dist.]
2001, no pet.) (citing Schneider v. Esperanza Transmission Co., 744 S.W.2d 595, 596 (Tex. 1987)). 
An entrustee's previous driving record or driving habits may show incompetence, recklessness, or
intemperance. Revisore v. West, 450 S.W.2d 361, 364 (Tex. Civ. App.--Houston [14th Dist.] 1970,
no writ). Equal or greater credence may be attached to the mental or physical condition of an
entrustee at the time he is loaned an automobile. Id.

 In this case, Robson did not allege that Garrett Gilbreath was an unlicensed
or incompetent driver or that David Gilbreath knew or should have known that Garrett was
an unlicensed or incompetent driver. Rather, he filed the negligent entrustment claim against
David Gilbreath on the basis that David "negligently entrust[ed] a large vehicle, such as his
Chevrolet Suburban, to a sixteen-year-old minor [Garrett] who had little driving experience." Mere
involvement in a collision does not create an inference or conclusion that a driver is incompetent or
reckless. Monroe, 884 S.W.2d at 818. Furthermore, evidence that a driver is inexperienced, without
more, does not permit an inference that the driver lacked judgment or perception or was otherwise
an incompetent driver. See Aboushadid v. Ward, No. 07-05-00140-CV, 2007 Tex. App. LEXIS 885,
at *8-9 (Tex. App.--Amarillo Feb. 5, 2007, no pet.) (holding that evidence of sixteen-year-old
driver's inexperience does not permit inference that she lacked judgment or perception or was
otherwise an incompetent driver to support a negligent entrustment claim against the driver's
parents). Prior to filing the first amended petition, Robson received one set of interrogatories from
Garrett Gilbreath in which Garrett disclosed that he was "taking prescription medication" at the
time of the accident. Robson contends that this discovery led him to believe that the prescription
medication may have impaired Garrett's driving and that David Gilbreath may have known of this
impairment--facts that, if true, would tend to support a claim of negligent entrustment. However,
Robson did not allege these facts as the basis for the negligent entrustment claim. Instead, he filed
the claim on the basis that David Gilbreath entrusted his large vehicle to an inexperienced driver. 
This asserted claim has no basis in law or fact. Therefore, we hold that the trial court did not abuse
its discretion in determining that the negligent entrustment claim asserted against David Gilbreath
was groundless.

 In his second issue, Robson contends that he conducted a reasonable inquiry prior to
filing the negligent entrustment claim. Reasonable inquiry means the amount of examination that
is reasonable under the circumstances of the case. Monroe, 884 S.W.2d at 817. Robson contends
that he "pursued all avenues of investigation that were open and reasonable at the time, including
obtaining the full, investigation file of the Austin Police Department, numerous witness statements,
the medical examiners' report and personal inspection of the accident scene." Having reviewed
the record, we conclude that the trial court did not abuse its discretion by concluding that Robson
did not conduct a reasonable inquiry prior to filing the negligent entrustment claim. As discussed
above, at the time Robson filed his first amended petition, he had not uncovered any facts tending
to show that Garrett Gilbreath was an unlicensed, incompetent, or reckless driver or that David
Gilbreath knew or should have known that Garrett was an incompetent or reckless driver. The issue
of whether Garrett was taking prescription medication at the time of the accident that would impair
his driving (he was not) was not investigated until the defendants were deposed in April 2006. This
inquiry should have occurred before Robson filed a negligent entrustment claim against David
Gilbreath. The trial court did not abuse its discretion in determining that Robson failed to conduct
a reasonable inquiry.

 In his third and fourth issues, Robson contends that the trial court abused its
discretion by failing to state the specific reasons for the sanctions in the order and by imposing
sanctions absent evidence that he filed the claim in bad faith or for the purpose of harassment.

 In imposing rule 13 sanctions, the trial court is required to state the particulars
of good cause justifying sanctions in the order. See Tex R. Civ. P. 13. Failure to comply with
this directive is an abuse of discretion. Texas-Ohio Gas, Inc. v. Mecom, 28 S.W.3d 129, 135
(Tex. App.--Texarkana 2000, no pet.). In this case, the trial court did not state the particulars of
good cause for sanctions, such as whether the negligent entrustment claim was groundless and
brought in bad faith or groundless and brought for the purpose of harassment. The order awarding
sanctions against Robson states:


 the Court, after considering said Motion, the response, the pleadings on file, the
evidence, and arguments of counsel, finds good cause for sanctions because of the
failure of Plaintiffs' counsel [Robson] to conduct a reasonable inquiry prior to filing
suit.



However, because Robson did not object to the form of the sanctions order, he has waived any
objection to the absence of a bad faith or harassment finding. See Mecom, 28 S.W.3d at 135; Land
v. AT & S Transp. Inc., 947 S.W.2d 665, 667 (Tex. App.--Austin 1997, no writ). Thus, we consider
whether the record contains any evidence to support an implied finding that the claim was brought
in bad faith or for the purpose of harassment. See Mecom, 28 S.W.3d at 136; McCain v. NME
Hosps., Inc., 856 S.W.2d 751, 757 (Tex. App.--Dallas 1993, no writ).

 A party acts in bad faith when discovery puts him on notice that his understanding
of the facts may be incorrect, and he does not make reasonable inquiry into the facts before filing a
pleading. Monroe, 884 S.W.2d at 819. Improper motive is an essential element of bad faith. Elkins,
103 S.W.3d at 669. Bad faith is not simply bad judgment or negligence, but means the conscious
doing of a wrong for dishonest, discriminatory, or malicious purpose. Id.

 As previously discussed, Robson asserted a groundless claim of negligent entrustment
against David Gilbreath and failed to conduct a reasonable inquiry into the facts before filing his
first amended petition. Robson's contention that Garrett's interrogatory answers led him to believe
that there was a factual basis for the negligent entrustment claim based on Garrett's use of
prescription medication at the time of the accident does not support or explain Robson's filing of the
first amended petition, which alleged a claim of negligent entrustment on wholly different grounds
(i.e., that David Gilbreath negligently entrusted a large vehicle to an inexperienced driver). Robson's
failure to make a reasonable inquiry into the facts supporting a negligent entrustment claim before
filing the claim supports the district court's implied finding of bad faith. See Monroe, 884 S.W.2d
at 819. A party cannot avoid rule 13 sanctions by claiming he was not actually aware of the facts
making his claim groundless when he has not made reasonable inquiry, nor can a party avoid rule
13 sanctions by claiming he was not acting with malicious or discriminatory purpose in bringing
the claim. Id. The sanctions imposed by the trial court are supported by Robson's failure to make
a reasonable inquiry into the facts supporting the claim that he filed. On this record, we cannot
conclude that the district court abused its discretion in imposing sanctions against Robson. (1)

 Affirmed.


 ________________________________________________

 G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop;

 Dissenting Opinion by Justice Patterson


Affirmed on Motion for Rehearing


Filed: August 1, 2008
1. The dissent bases its conclusions on the notion that the trial court did not hold an
evidentiary hearing and did not have before it any evidence that Robson filed his negligent
entrustment claim in bad faith. Robson did not raise the lack of an evidentiary hearing as a point of
error on appeal. The likely reason Robson did not raise this as a point of error is that a hearing on
the motion for sanctions was held before the trial court on May 2, 2006, and the trial court did
consider evidence. The hearing was recorded, and the reporter's record of the hearing is in the
appellate record. The evidence considered by and expressly referenced by the trial court at the
hearing was the evidence attached to the motion for sanctions and the trial court's file. Robson did
not object to any of the evidence attached to the motion nor the trial court's consideration of that
evidence or the court's file. In any event, we are not at liberty to reverse a trial court judgment for
a reason not raised in a point of error unless the error is jurisdictional or fundamental. See Walling
v. Metcalfe, 863 S.W.2d 56, 58 (Tex. 1993). As for evidence of bad faith, the record reflects that
the trial court had before it sufficient evidence for the court to find bad faith, both circumstantial and
direct. The circumstances surrounding Robson's filing as revealed in the record would allow the trial
court, in its discretion, to conclude that the filing was made in bad faith.