Charles Raymond **BARTLEY** and Wife,
Lanetta Bartley, Appellants,

v.

**BUDGET RENT–A–CAR CORP.,**
et al., Appellees.

No. 07–95–0286–CV.

Court of Appeals of Texas,
Amarillo.

March 4, 1996.

Rehearing Overruled May 9, 1996.

Carr Fouts Hunt & Wolfe, L.L.P., Donald M. Hunt and Gary M. Bellair, Lubbock, for appellants.

Kelly Bickerstaff P.C., D. Craig Brinker, Dallas, for appellees.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

Charles Raymond Bartley and wife, Lanetta Bartley, suffered a final take-nothing summary judgment in their negligence action against Budget Rent–A–Car Corp. and other business entities (collectively, Budget).[1] Appealing with five points of error, the Bartleys .contend the trial court erred in not granting their motion for partial summary judgment based upon the application of a Michigan statute, and in granting Budget's motion for summary judgment, because that motion failed to negate at least one element of their claims and a supporting affidavit consisted of . unsupported legal conclusions. On the rationale expressed, we will affirm.

In our resolution of the appeal, we will consider, as we must, all of the evidence presented by both motions for summary judgment. *DeBord v. Muller*, 446 S.W.2d 299, 301 (Tex.1969). In so doing, we accept the evidence favorable to the Bartleys, and resolve any doubts in their favor. *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 548–49 (Tex.1985).

The parties do not dispute that on or about 15 November 1989, James Matthew Robertson rented an Isuzu truck from Budget Rent–A–Car of Romulus, Michigan for a period of ten days to move his belongings from Grosse Pointe Farms, Michigan to Las Vegas, Nevada, where the truck was to be returned to a Budget location. After packing the truck, he began his trek on 18 November 1989. By deposition, Robertson stated that he slept before he left Michigan at midnight, but did not sleep again until approximately 14 hours later, when he stopped and slept in the truck for a few hours.

At approximately 2:15 p.m., on 19 November 1989, Robertson was traveling west on Interstate 40 in Flagstaff, Arizona. Disoriented and unsure whether he was on the right road and going in the right direction to reach his ultimate destination, he made a U-turn and drove in the opposite direction of traffic on the interstate.

Contemporaneously, Charles Bartley was driving a Peterbilt truck with a Lufkin flatbed trailer in a westerly direction on Interstate 40. As Charles crested a hill, he saw Robertson coming toward him and took evasive actions to avoid a collision, which caused the tractor-trailer rig to roll over and injure him.

The Bartleys, citizens of Lubbock, Texas, brought suit in the 364th Judicial District Court of Lubbock County against Robertson, Budget Rent–A–Car Corp.; Budget Rent–A–Car of Romulus, Michigan; Budget Rent–A–Truck Corp.; Beech Holdings, Corp.; and Fulcrum II, Limited Partnership. They alleged that all of the named business entities had an ownership interest in Budget Rent–A–Car of Romulus, Michigan or the Isuzu truck, or controlled the procedures employed in the rental of the truck. Their sole pleaded claim against the Budget entities was for negligent entrustment to Robertson.

To sustain their claim, the Bartleys had the burden to plead and prove the elements constituting negligent entrustment. Those elements are (1) that Budget entrusted its vehicle to Robertson, (2) who was an unlicensed, incompetent, or reckless driver, and that (3) Budget knew or should have known Robertson to be an unlicensed, incompetent, or reckless driver, (4) Robertson was negligent on the occasion in question, and (5)

1. The other business entities are Budget Rent–A–Car of Romulus, Michigan; Budget Rent–A–Truck Corp.; Beech Holdings Corp.; Fulcrum II, Limited Partnership; and Budget Rent–A–Car Systems, Inc.

Robertson's negligence proximately caused the accident. *Williams v. Steves Industries, Inc.*, 699 S.W.2d 570, 571 (Tex.1985).

Attempting to discharge their burden, the Bartleys requested, on 3 September 1992, that the trial court take judicial notice of a Michigan statute which imposed liability upon lessors for injuries arising from the operation of vehicles leased for less than 30 days. The statute submitted to the court reads in pertinent part:

[**§ 9.2101 Civil actions.**] Sec. 401. (1) nothing herein contained shall be construed to abridge the right of any person to prosecute a civil action for damage for injuries to either person or property resulting from a violation of any of the provisions of this act by the owner or operator of a motor vehicle, his [or her] agent or servant. The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of [the] motor vehicle whether [the] negligence consists of a violation of the provisions of the statutes of the state or in the failure to observe such ordinary care in [the] operation [of the motor vehicle] as the rules of the common law requires. The owner shall not be liable, however, unless [the] motor vehicle is being driven with his or her express or implied consent or knowledge.

\* \* \* \* \* \*

**Liability of lessor.** (2) A person engaged in the business of leasing motor vehicles who is the lessor of a motor vehicle pursuant to a lease providing for the use of the motor vehicle by the lessee for a period that is greater than 30 days shall not be liable at common law for damages for injuries to either person or property resulting from the operation of the leased motor vehicle.

Mich.Stat.Ann. § 9.2101 (West 1991) [M.C.L.A. § 257.401]. Expressing in a 4 December 1992 letter to the parties that Texas laws were the laws to be applied to the cause of action, "not Michigan's," the trial court denied the motion by its 28 December 1992 order.

The Bartleys amended their petition on 18 February 1993, to include new allegations of negligence for Budget's failure to "inquire or develop rental forms" to determine whether drivers "intended to take medication, prescription or not," or whether drivers had health problems such as epilepsy,[2] or whether the drivers were familiar with the vehicle or intended to drive long distances without adequate rest. By the amended petition, the Bartleys included Budget Rent–A–Car Systems, Inc., the recorded title owner of the Isuzu truck, as a defendant, and further alleged that the Michigan statute applied, thereby making all of the Budget defendants liable thereunder.

■ On 1 September 1994, Budget filed its amended motion for summary judgment on the ground that the Bartleys could not, as a matter of law, prevail on their negligent entrustment claim. By so moving for judgment, Budget assumed the burden to disprove, as a matter of law, one of the essential elements of the Bartleys' negligent entrustment action. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991). If Budget discharged its burden, then to avoid Budget's entitlement to judgment, the Bartleys were required to present summary judgment proof necessary to establish a fact issue. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979).

The element Budget sought to disprove was that it knew or should have known Robertson to be an unlicensed, incompetent or reckless driver. The proof attached to Budget's motion for summary judgment revealed, inter alia, that at the time of the rental, Robertson possessed a valid, unrestricted Michigan driver's license, the existence of which was noted on the rental contract, had been given only one citation for disobeying a stop sign, and had not been involved in any accident in which he received a citation or traffic ticket. He did not recall that anyone at Budget had inquired whether he was on any kind of medication.

By its motion, Budget represented that the Bartleys' new allegations that Budget was

---

**2.** Discovery had revealed that at the times of the rental and accident, Robertson was taking medi-

cally prescribed 400 milligrams of Dilantin daily to treat a condition of epilepsy.

negligent in failing to ascertain Robertson's competency and health were encompassed by the negligent entrustment claim and, thus, likewise failed. In its motion, Budget did not address the application of the Michigan statute because, as counsel explained during submission upon oral argument, Budget believed the matter had been settled by the court's 28 December 1992 order denying judicial notice of the statute and its letter that Texas law was to be applied.

Without referring to the 28 December 1992 order, and asserting Budget was liable as a matter of law under the Michigan statute, the Bartleys moved for partial summary judgment on that ground. In so moving, they did not address any other claims against Budget or Robertson.

Subsequently, the Bartleys filed their amended response to Budget's motion for summary judgment accompanied by supporting documentation. They advanced the Michigan law as imposing liability without fault upon Budget and invoked the Restatement (Second) of Torts § 390 (1966).[3] Section 390, they represented, imposes liability beyond the elements of negligent entrustment announced by Texas courts, and embraces the supplier of a chattel to one "whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others." Resultantly, they asserted, Budget had a duty to inquire as to Robertson's health condition which could affect his driving.

Later, by their live pleadings, their 2 October 1994 third amended petition, the Bartleys, without reference to section 390, alleged under paragraph III, entitled *"Negligence,"* that Budget was negligent in failing to: (1) inquire whether Robertson was an epileptic or had health problems which could affect his driving ability; (2) determine if Robertson was familiar with the vehicle he rented; (3) determine if Robertson intended to drive long distances without adequate rest; (4) adequately warn Robertson of the dangers of driving over eight hours in a twenty-four hour period; and (5) determine if Robertson

regularly took prescribed medication. Budget's liability under Michigan law was reiterated.

On 3 February 1995, the trial court signed two orders. One order denied the Bartleys' motion for partial summary judgment; the other granted Budget's motion for summary judgment and ordered that the Bartleys take nothing by their suit. The orders became a final judgment on 14 April 1995 when the Bartleys' claims against Robertson were severed. *H.B. Zachry Co. v. Thibodeaux,* 364 S.W.2d 192, 193 (Tex.1963).

Launching their five-point attack against the judgment, the Bartleys initially present, as they may, a global point of error that the trial court erred in granting Budget's motion for summary judgment. *Malooly Bros., Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex.1970). With the next two points, they contend the court's ruling was erroneous because (2) the motion failed to negate at least one element of their claims, and (3) the affidavit testimony of Peter H. Wemple, an interested party, was comprised of legal conclusions which were not supported by factual allegations. By their final points of error, the Bartleys contend (4) the trial court erred in denying their motion for partial summary judgment because it was error not to take judicial notice of the laws of Michigan, and (5) Michigan law imposed liability upon Budget for Robertson's negligence without regard to a showing of fault on Budget's part.

In pressing their second-point contention, the Bartleys first submit that the evidence Budget tendered to negate the element of the entrustment of a vehicle to an unlicensed, incompetent or reckless driver cannot support the take-nothing summary judgment. The evidence fails, the Bartleys submit, because proof of licensure does not negate, as a matter of law, incompetence or recklessness, which are alternate bases for imposing liability; and proof of a "good" driving record does not fulfill the burden of negating an element of the negligent entrustment claim.

To the contrary, the general purpose of the statute requiring motorists to have licenses

---

**3.** All references to section 390 are to Restatement (Second) of Torts § 390 (1966).

in Texas, *Mundy v. Pirie–Slaughter Motor Co.,* 146 Tex. 314, 206 S.W.2d 587, 589 (1947), as well as in Michigan, *Parks v. Pere Marquette Ry. Co.,* 315 Mich. 38, 23 N.W.2d 196, 200 (1946), is to insure a minimum of competence and skill of drivers of motor vehicles. Thus, the fact that Robertson held and exhibited a valid, unrestricted driver's license to Budget was prima facie evidence of his competency to drive a motor vehicle and, absent any evidence to the contrary at the time he rented the truck, conclusively negated the element that Budget then knew or should have known that Robertson was an incompetent or reckless driver. *McCarty v. Purser,* 373 S.W.2d 293, 296 (Tex.Civ.App.—Austin 1963), *rev'd and rendered on other grounds,* 379 S.W.2d 291 (Tex.1964). *Cf. Nobbie v. Agency Rent–A–Car, Inc.,* 763 S.W.2d 590, 592–93 (Tex.App.—Corpus Christi 1988, writ denied) (Evidence that rental agency, which rented a vehicle after verifying the renter was the holder of a valid driver's license and insured, noted nothing unusual about renter, who was addicted to heroin, and had the agency investigated further, would have discovered that her license was previously twice suspended in connection with a judgment against her, and that her driving record only showed a citation for a defective head lamp, albeit she had received a speeding ticket which was not shown on her driving record, was insufficient to show that the rental agency knew or should have known she was an incompetent or reckless driver).

▮ Still, the Bartleys maintain that common law imposes on Budget the duty not to entrust a vehicle to drivers who are incompetent and reckless, which cannot be discharged by merely verifying licensure, because that only assures the "minimum of competence and skill." Whether the duty exists is a question of law for the court to decide from the facts surrounding the occurrence in question. *Greater Houston Transp. Co. v. Phillips,* 801 S.W.2d 523, 525 (Tex. 1990).

▮ At the time the truck was leased, Robertson exhibited, and Budget recorded, a valid driver's license. The license evinced that Robertson possessed a minimum of competence and skill as a driver, and it fixed the standard of conduct for Budget in leasing its truck for Robertson to drive. *Mundy v. Pirie–Slaughter Motor Co.,* 206 S.W.2d at 590. It logically follows and we hold that, absent any circumstance to show Budget otherwise then knew or should have known that Robertson was an incompetent or reckless driver, and there is none in this record, Budget had no duty to inquire further into Robertson's competency to drive.

▮ Next, the Bartleys expressly contend that the summary judgment was interlocutory because Budget's motion failed to address their claims under section 390 and the application of the Michigan statute. The alleged failure to address the section 390 claims is not well-taken, for Budget's motion did in fact address those claims through its declaration that the claims were encompassed in the negligent entrustment claims.

Additionally, we are not persuaded by the Bartleys' assertion that section 390 provides separate relief and should have been addressed separately. Section 390 provides:

> One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

The assertion of separateness is founded on the Bartleys' belief that section 390 adds the word "inexperience" to the elements of the owner's knowledge, which is not present in the elemental definition of negligent entrustment. However, it is evinced that the word "inexperience" was employed in section 390 to convey the same meaning the word "incompetent" imparts in negligent entrustment, for not only is the section entitled "Chattel for use by a person known to be *incompetent,*" but in Comment b under the section, it is explained that "[t]his Section deals with supplying of a chattel to a person *incompetent* to use it safely. . . ." (emphasis supplied).

Moreover, the Bartleys made no allegation of, nor rebutted Budget's motion for summary judgment by raising a fact issue on, Robertson's inexperience; rather, their basis for Budget's alleged negligence was its failure to inquire about his health and general knowledge of the correlation of driving and fatigue. Indeed, the Bartleys' live pleadings gave no indication of their reliance upon the fine distinction they now seek to invoke. Although we are mindful that the petition is to be construed liberally in favor of the pleader when there are no special exceptions, *Roark v. Allen*, 633 S.W.2d 804, 809 (Tex.1982), that rule does not apply in this instance because the petition contained no fair indication that the imposition of new duties were being urged under section 390. *Accord Ross v. Texas One Partnership*, 796 S.W.2d 206, 212 (Tex.App.—Dallas 1990), *writ denied per curiam*, 806 S.W.2d 222 (Tex.1991). It was not Budget's responsibility to urge special exceptions to "flesh out" allegations which are not in the petition. *Hand v. Dean Witter Reynolds Inc.*, 889 S.W.2d 483, 490 (Tex.App.—Houston [14th Dist.] 1994, writ denied).

The Bartleys further contend that the summary judgment was interlocutory since the underlying motion did not address the application of the Michigan statute. However, the applicability of the Michigan statute was the basis for their motion for partial summary judgment, which was considered with, and determined at the same time as, Budget's motion for summary judgment. Thus, all the evidence accompanying both motions was properly before the court and was evidence to be considered in deciding each motion. *DeBord v. Muller*, 446 S.W.2d at 301. As previously noticed, the court's two orders merged and, upon the severance as to Robertson, became a final judgment, *H.B. Zachry Co. v. Thibodeaux*, 364 S.W.2d at 193, which disposed of the entire lawsuit between the Bartleys and Budget. *Starr v. Koppers Company*, 398 S.W.2d 827, 828 (Tex. Civ.App.—San Antonio 1965, writ ref'd n.r.e.). The Bartleys' second point of error is overruled.

The Bartleys contend in their third point of error that the summary judgment was rendered in error because the affidavit of Peter H. Wemple, Senior Corporate Attorney employed by "Budget Rent a Car Corporation," contained legal conclusions unsupported by facts. The affidavit was advanced by Budget as support for its alternative ground for the summary judgment, *i.e.*, that Budget Rent–A–Car Systems, Inc. owned the Isuzu truck and, thus, Robertson; Budget Rent–A–Car Corporation; Budget Rent–A–Car of Romulus, Michigan; Budget Rent–A–Truck Corp.; Beech Holdings, Corp.; and Fulcrum II, Limited Partnership were not "owners" or "entrustors" of the truck and were entitled to summary judgment since a showing of negligent entrustment requires establishment that the "owner" of the vehicle "entrusted" the vehicle to a known incompetent driver. Even though official documentary evidence included in the summary judgment proof revealed that the owner of the truck was "BUDGET RENT A CAR SYSTEMS INC.," we do not pause to consider the nature of Wemple's affidavit because, in view of our resolution of the Bartleys' second point of error, its consideration is unnecessary to the disposition of the appeal. Tex. R.App.P. 90(a).

The trial court did not express in its judgment the basis for its rendition; but, since the negligence claims were alleged against all six of the Budget defendants and summary judgment was rendered in favor of all six Budget defendants and not Robertson, it logically follows that the trial court did not base its judgment upon the alternative ground of ownership of the truck, which was relevant to Robertson and only five of the Budget defendants. And, even though a ground advanced is not conclusively established, when the order granting summary judgment does not specify the ground relied upon for its ruling, the judgment will be affirmed if any theory is meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989). The Bartleys' third point of error is overruled and, together with the overruling of their second point, results in the overruling of their first point.

The Bartleys contend by points of error four and five that the trial court erred in (4) refusing to take judicial notice of the Michigan statute, and (5) in refusing to grant their

partial motion for summary judgment, because Michigan law imposes liability upon Budget for the damages caused by Robertson's negligence. Their predicate for point four is rule 202 of the Rules of Civil Evidence, which they elliptically express as: "A court upon its own motion may, or upon the motion of a party *shall* take notice of the ... laws ... every other state ... of the United States." They represent that the rule abrogated the trial court's discretion and required the court, in conformity with the construction of its earlier form by *Cal Growers, Inc. v. Palmer Warehouse,* 687 S.W.2d 384, 386 (Tex.App.—Houston [14th Dist.] 1985, no writ), and *Braddock v. Taylor,* 592 S.W.2d 40, 42 (Tex.Civ.App.—Beaumont 1979, writ ref'd n.r.e.), to notice the Michigan law and, seemingly implicit in their argument, to mandate its application.

■ Notwithstanding, the rule further provides for notice of the request and the opportunity for the parties to be heard "as to the propriety of taking judicial notice and the tenor of the matter noticed." On balance, then, the rule does not mandate the application of the law requested to be noticed; rather, it is contemplated by the rule that the request merely presents the question of which state's law will apply, a question of law. *Duncan v. Cessna Aircraft Co.,* 665 S.W.2d 414, 421 (Tex.1984). To hold otherwise would ignore the interest of the forum state in applying its own laws, and contravene the required use of the "most significant relationship" test governing the choice of law in tort cases. *Gutierrez v. Collins,* 583 S.W.2d 312, 318 (Tex.1979).

Moreover, the Bartleys and Budget agree that the "most significant relationship" test enunciated in Restatement (Second) of Conflicts sections 6 and 145 (1969) is applicable. They disagree, however, in the answer to the test. The Bartleys urge that Michigan, and Budget counters that Texas, has the most significant relationship.

In determining the choice of law with respect to an issue in tort, section 6 of the Restatement (Second) of Conflicts sets out the general principles to be applied as follows:

(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.

(2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include

(a) the needs of the interstate and international systems,

(b) the relevant policies of the forum,

(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

(d) the protection of justified expectations,

(e) the basic policies underlying the particular field of law,

(f) certainty, predictability and uniformity of result, and

(g) ease in the determination and application of the law to be applied.

Restatement (Second) of Conflicts § 6 (1969).

■ There is no statutory directive which proscribes the choice of law in this instance; consequently,

(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.

(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

Restatement (Second) of Conflicts § 145 (1969). It is the qualitative nature of these contacts, not the number of them, that controls the application of the most significant

relationship analysis. *Gutierrez v. Collins,* 583 S.W.2d at 319.

Neither the first, second, nor fourth contacts is important to the analysis. The first two contacts have no effect because the injury, and the conduct causing the injury, occurred in Arizona, the laws of which none of the parties sought to apply or has suggested are different from the laws of Texas. Although the Bartleys also alleged Budget's negligent entrustment of the truck to Robertson was a proximate cause of the injury, the summary judgment evidence negates that theory of conduct as a cause of the injury. And the fourth contact is ineffective, for there was no relationship between the parties prior to the accident giving rise to the litigation.

Thus, the third contact is the only one of any relative importance. In that regard, the Bartleys are residents of Lubbock, Texas, where they brought their cause of action against Robertson, a Nevada resident at the time, and the six Budget defendants. All of the Budget defendants are foreign corporations, except for Fulcrum II, a Limited Partnership, and apparently, at least insofar as the record reveals, only two of them are Michigan corporations—Budget Rent–A–Car of Romulus, Michigan and Budget Rent–A–Truck Corp.[4] The principle place of business of Budget Rent–A–Car Corp. and of Beech Holdings, Corp. is in Illinois; Fulcrum II, Limited Partnership, has its principal place of business in New York; and Budget Rent–A–Car Systems, Inc. is a Delaware corporation licensed to do business in Michigan and Texas. Neither Illinois, New York, nor Delaware is shown to have any interest in the litigation.

Thus, the only contact of relative importance to be considered is the residence of the Bartleys in Texas and two of the Budget defendants in Michigan in determining, un-

der section 6, *supra,* the law of the state controlling the rights and liabilities of the parties with respect to the "issue in tort." The remaining "issue in tort" between the Bartleys and Budget is whether the leasing of the truck to Robertson for less than 30 days requires Michigan's liability without fault statute to be applied as substantive law in this action for recovery under Texas law.

Simply stated, the Bartleys seek the application of but a part of Michigan's "no fault" system, *see Murray v. Ferris,* 74 Mich.App. 91, 253 N.W.2d 365 (1977), to replace the negligent fault and proportionate responsibility system in place in Texas. *See* Tex.Civ. Prac. & Rem.Code Ann. § 33.001, et seq. (Vernon Supp.1996). They do not seek application of the rest of Michigan's laws under its "no fault" system, by which an injured person is limited to the recovery from his insurer of a fixed amount for economic losses over a fixed time. Only in the case of death, serious impairment of body function or permanent serious disfigurement may recovery be had from the tortfeasor for noneconomic losses. *Murray v. Ferris,* 253 N.W.2d at 366–67. Instead, the Bartleys have invoked Texas law to seek a recovery unlimited by law for Charles Bartley's personal injuries, as well as physical and mental pain, suffering and anguish; present and future medical expenses; past and future lost earning capacity; for Lanetta Bartley's loss of consortium; and for exemplary damages, with pre- and post-judgment interest.

After intense debates, Texas settled upon a system of proportional responsibility and recovery in causes of action based upon torts, including negligent acts. *See* John T. Montford & Will G. Barber, *1987 Texas Tort Reform,* 25 Hous.L.Rev. 59, 80–101 (1988); Tex.Civ.Prac. & Rem.Code Ann., *supra.* The major purposes of the legislation were to

---

4. Although the lease agreement signed by Robertson carries the imprint "Budget rent a truck," the renter is shown as "ONE WAY TRUCK RENTAL" with the address "11757 GLOBE RD, LIVONIA, MI," which probably explains why Wemple stated in his affidavit that "[t]here is no legal entity known as Budget Rent a Truck Corporation or Budget Rent a Car of Romulus, and at no time did any legal entity known as Budget Rent a Truck Corporation or Budget Rent a Car of Romulus, Michigan ever own, rent, lease, maintain, control or operate the vehicle rented by Mr. Robertson, or own, rent, lease, maintain, control or operate the vehicle rental location at 11757 Globe Road, Livonia, Michigan where Mr. Robertson rented the vehicle." However, these named defendants responded to the pleadings without denying that they lacked the legal capacity to be sued.

make the Texas civil justice system fairer, more predictable by favorably affecting the affordability and availability of liability insurance, and thus, by making the system fairer and more predictable, to promote economic development and growth in Texas. Montford & Barber, *supra,* at 69–70.

 Texas, having espoused the public policy of proportional responsibility and recovery in negligence actions, would have its policy frustrated by impairing, if not nullifying, its fairness and predictability if only the "no fault" part of Michigan's system were imposed upon the Texas system. In this connection, the Bartleys have not suggested, and we have not discerned, any Michigan policy that would be advanced by the application of the "no fault" part of its law to an action in another state involving its domiciliary defendants who are not protected by its law of limited damages. *A fortiori,* Michigan could have no interest in extending only its "no fault" policy to actions by travelers from and in other states having no similar limitations.

Furthermore, it is highly unlikely that any party did or refrained from doing anything relevant to the accident based upon expectations as to which state's law would apply. Therefore, applying the law of the forum, Texas, will further its own policy of serving the interest of certainty, predictability and uniformity of result, thereby providing ease in the determination and application of the law.

For these reasons, the trial court correctly determined that Texas has the most significant relationship to the controversy, that the substantive law of Texas should apply, and that the Bartleys' motion for partial summary judgment grounded upon a part of Michigan's law should be denied. Their fourth and fifth points are overruled.

Accordingly, the judgment is affirmed.