Isidro AVALOS, et al., Appellants,

v.

BROWN AUTOMOTIVE CENTER, INC., Appellee.

No. 04–00–00890–CV.

Court of Appeals of Texas, San Antonio.

Sept. 19, 2001.

Rehearing Overruled Oct. 5. 2001.

David M. Adkisson, David M. Adkisson, P.C., Don Stecker, Putman & Putman,

Inc., San Antonio, Jesus M. Dovalina, Dovalina ,& Fernandez, P.C., Del Rio, for appellants.

George G. Brin, Gerald D. McFarlen, Brin & Brin, P.C., Ricardo R. Reyna (OTH), Brock & Person, P.C., San Antonio, for appellee.

Before PHIL HARDBERGER, Chief Justice, PAUL W. GREEN, and SARAH B. DUNCAN, Justices.

Opinion by PHIL HARDBERGER, Chief Justice.

Isidro Avalos, individually and as legal representative of the Estate of Maximo Lomas Avalos, Sr., deceased, Fernando Avalos, Jose Héctor Avalos, Maximo Avalos, Jr., Antonio Avalos, Maria Juanita Rodriguez, Amalia Garcia, Manuel Avalos, Josefina Jaramillo, and Mary Irma Proulx Avalos[1] (the "Avaloses") appeal the trial court's summary judgment. The Avaloses present four issues in their brief, contending the trial court erred in granting summary judgment with regard to their claims against Brown Automotive Center, Inc. ("Brown Automotive") for negligent entrustment and negligence. We affirm the trial court's judgment.

## BACKGROUND

On July 1, 1998, Brown Automotive loaned Walter Barnett ("Barnett") a vehicle to use while Brown Automotive repaired Barnett's vehicle. On August 15, 1998, Barnett crossed the center of the road while passing other vehicles and struck a vehicle traveling in the opposite direction, killing the driver Maximo Avalos, Sr. and injuring the passenger Mary Irma Proulx Avalos. Barnett's blood alcohol concentration was 0.22.

The Avaloses filed suit against Brown Automotive and Barnett.[2] The Avaloses asserted that Brown Automotive was negligent in entrusting its vehicle to Barnett, because Brown Automotive knew or should have known Barnett was an unskilled, incompetent, or reckless driver. The Avaloses later amended their petition and added claims that Brown Automotive was negligent in loaning the vehicle to Barnett: (1) without a loaner agreement on file; and (2) for a period of 46 days without requiring periodic renewals in violation of the company's procedure of limiting the term of a loaner agreement to 10 days. The Avaloses further contended that Brown Automotive was negligent by: (1) failing to create and/or enforce safety rules concerning the loaning of vehicles; (2) failing to restrict access to vehicles loaned to customers; (3) failing to deter the loaning of vehicles to customers with known drinking propensities and/or alcohol dependencies; (4) failing to arrange for alternative transportation for Barnett; (5) failing to train employees to obtain information necessary to ensure that vehicles were not loaned to customers who constituted a danger to the public; and (6) failing to properly supervise employees to prevent vehicles from being loaned to customers like Barnett.

Brown Automotive filed a motion for summary judgment[3] asserting the following traditional and no evidence grounds:

---

1. Mary Irma Proulx Avalos intervened in the suit after it was filed by the other plaintiffs, who were the sons and daughters of Maximo Avalos, Sr.

2. The claims against Barnett were severed and are not a part of this appeal.

3. Brown Automotive filed an original motion asserting grounds relating to the negligent entrustment claim. After the Avaloses amended their petition, Brown Automotive filed an amended motion for summary judgment to respond to the additional negligence claims asserted by the Avaloses.

(1) Brown Automotive was not negligent in entrusting the vehicle to Barnett as a matter of law or there is no evidence of such negligence; (2) Brown Automotive did not breach any duty owed to the Avaloses or there is no evidence Brown Automotive breached any duty; (3) no act or omission of Brown Automotive was a proximate cause of the accident in question or any injuries to the Avaloses or there is no evidence of proximate cause. The element of the negligent entrustment claim challenged in the summary judgment motion is whether Brown Automotive knew or should have known that Barnett was an unlicensed, incompetent, or reckless driver. The motion asserts that the only duty Brown Automotive owed to the Avaloses was the duty to use ordinary care in entrusting the vehicle to Barnett, and the Avaloses' "attempt to create additional causes of action in common law negligence must fail because of this lack of other duties." Alternatively, the motion contends that if it owed any additional duty, the breach of any such duty did not proximately cause the accident in question or the resulting damages.

Brown Automotive attached the affidavit of Raul Menchaca ("Menchaca") to its motion. Menchaca was employed as a service advisor at Brown Automotive when the vehicle was loaned to Barnett. Menchaca states, "At the time of delivery, I verified by personal observation that Mr. Barnett had a current Texas driver's license and current automobile liability insurance. Mr. Barnett did not appear intoxicated or impaired in any way at the time I delivered the vehicle to him. I was not, and am not personally acquainted with Mr. Barnett, and I have never had any knowledge of Mr. Barnett's habits or reputation." Brown Automotive later filed an affidavit signed by Barnett, stating that he had a valid driver's license and liability insurance

at the time he was loaned the car and at the time of the accident.

The Avaloses responded to the motion with evidence that Barnett was being treated for post-traumatic stress disorder and depression. Barnett also was diagnosed with alcohol abuse and dependency. Barnett's driving record reflected that he had been convicted of DWI in May of 1991 and placed on two years probation. Barnett testified at his deposition that Brown Automotive never asked him to show his driver's license or proof of insurance and he did not sign a loaner agreement. Barnett testified that his friend drove him to Brown Automotive. The service manager recognized Barnett, gave him the keys, and told him where the loaner vehicle was located. Barnett further testified that he was unable to start the truck, so his friend started the truck and they left.

Brown Automotive's service manager, Gerardo Pruneda, testified that he was unable to locate an original loaner agreement. Pruneda testified that Menchaca would have completed the loaner agreement, but Menchaca testified that he did not complete a loaner agreement with Barnett. Pruneda further testified that the term of Brown Automotive's standard loaner agreement was for a period not to exceed ten days. Menchaca testified it was not normal or customary for a customer to be loaned a vehicle for forty-six days, which is the amount of time Barnett had possession of the loaned vehicle until the time of the accident.

The trial court granted summary judgment in favor of Brown Automotive, and the Avaloses timely appealed.

### STANDARD OF REVIEW

The motion for summary judgment requests summary judgment under both traditional summary judgment standards and no evidence summary judgment

standards. Under traditional summary judgment standards, a party moving for summary judgment has the burden of establishing as a matter of law that no genuine issue of material fact exists as to one or more essential elements of the plaintiff's cause of action. *Casso v. Brand*, 776 S.W.2d 551, 556 (Tex.1989); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). If the defendant meets this burden, the plaintiff must then raise a genuine issue of material fact on that element. *Gonzalez v. City of Harlingen*, 814 S.W.2d 109, 112 (Tex.App.—Corpus Christi 1991, writ denied). In reviewing a summary judgment, an appellate court accepts as true all evidence supporting the non-movant. *Nixon*, 690 S.W.2d at 549. All inferences are indulged in favor of the non-movant, and all doubts are resolved in his favor. *Id.*

▮ We apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex.App.—San Antonio 1998, pet. denied). We look at the evidence in the light most favorable to the respondent against whom the summary judgment was rendered, disregarding all contrary evidence and inferences. *Moore*, 981 S.W.2d at 269. A no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *Id.* Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact. *Id.* More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Id.*

ADDITIONAL NEGLIGENCE CLAIMS

Before deciding whether summary judgment was properly granted, we must decide what duties Brown Automotive owed to the Avaloses. In asserting that Brown Automotive owed additional duties beyond the duty not to negligently entrust the vehicle to Barnett, the Avaloses primarily rely on *Drooker v. Saeilo Motors*, 756 S.W.2d 394, 400 (Tex.App.—Houston [1st Dist.] 1988, writ denied). Brown Automotive responds that the additional negligence theories recognized in *Drooker* were based on the special nature of the employer/employee relationship that existed between the entrustor/entrustee.

▮ In order to recover on a negligence claim, a plaintiff must establish (1) a legal duty owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) damages proximately resulting from the breach. *Praesel v. Johnson*, 967 S.W.2d 391, 394 (Tex.1998). The existence of a legal duty is a question of law for the court. *See id.* In deciding whether to impose a duty on a particular defendant, courts weigh the risk, foreseeability, and likelihood of injury against the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury, and the consequences of placing that burden on the actor. *See id.* at 397.

In *Drooker*, an employee, Alex Murphy, was involved in an automobile accident while driving a car that had been loaned to his manager. 756 S.W.2d at 399. In addition to alleging negligent entrustment, the plaintiffs contended that Murphy's employers were negligent in failing to restrict access to company vehicles and failing to create and/or enforce safety rules concerning the use of company vehicles or vehicles loaned to the company. The opinion in *Drooker* does not contain any analysis of whether the company had a duty to restrict access to company vehicles or to

create and/or enforce safety rules. The opinion simply concludes:

> This cause of action is not based on theories of *respondeat superior* or negligent entrustment. Rather, it is a straightforward allegation of negligence. Questions of negligence (and proximate cause) are usually fact issues that cannot be determined by summary judgment. In the instant case, the appellants raised several questions of fact about whether Time Arts, World Products, and World Communications were negligent in allowing Murphy access to company automobiles. The trial court's granting of summary judgment was not proper on these facts.

*Id.* at 400.

Apart from *Drooker*, no Texas court has ever found that additional duties should be imposed on a defendant lending a vehicle to another beyond that recognized in a negligent entrustment claim. In *Bartley v. Budget Rent–A–Car Corp.*, 919 S.W.2d 747, 750 (Tex.App.—Amarillo 1996, writ denied), the plaintiffs alleged additional negligence claims in addition to their negligent entrustment claim, including the failure to develop rental forms that would inquire into whether the renter was taking medication, had health problems, was familiar with the car to be rented, or intended to drive long distances without adequate rest. Budget responded that those claims were encompassed in the negligent entrustment claim. *See id.* at 750–51. The Amarillo court concluded that no relief was available for the plaintiffs' negligence claims separate from the relief provided by their negligent entrustment claims. *See id.* at 752–53.

■■■ The injury to the public from a car being negligently entrusted to a driver is adequately protected by negligent entrustment law, and no additional duties are owed to third parties by a defendant who entrusts a car to a driver who negligently injures the third parties. As long as the defendant does not entrust a vehicle to a driver that the defendant knows or should know is incompetent or reckless, the risk, foreseeability and likelihood of the driver causing injury to others is outweighed by the social value of having rental cars available and the consequences of requiring those who lend cars to develop standards to eliminate any possibility that someone seeking to borrow a car might be involved in an accident. *See Praesel*, 967 S.W.2d at 397.

## NEGLIGENT ENTRUSTMENT

■■■ The elements of a negligent entrustment claim include: (1) entrustment of a vehicle by the owner; (2) to an unlicensed, incompetent or reckless driver; (3) that the owner knew or should have known was unlicensed, incompetent or reckless; (4) that the driver was negligent on the occasion in question; and (5) that the driver's negligence was a proximate cause of the accident. *Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 596 (Tex.1987). The only element challenged in the summary judgment motion was whether Brown Automotive knew or should have known Barnett was incompetent or reckless.

■■■ Barnett had a valid driver's license and liability insurance at the time of the accident. The possession of a valid, unrestricted driver's license is evidence of a driver's competency absent any evidence to the contrary. *See Mundy v. Pirie–Slaughter Motor Co.*, 146 Tex. 314, 206 S.W.2d 587, 590 (1947); *Bartley*, 919 S.W.2d at 752. The evidence is controverted with regard to whether Brown Automotive checked to determine that Barnett had a valid license. However, it is undisputed that Barnett possessed a valid license. The failure to check the license

did not result in a failure to obtain information that would have put Brown Automotive on notice that Barnett was incompetent.

In *Bartley,* the court held that a person lending its car to a licensed driver has no duty to inquire further into the driver's competency to drive absent any circumstance to show the person otherwise knew or should have known that the driver was incompetent or reckless. 919 S.W.2d at 752. No evidence was presented in this case that Barnett was intoxicated at the time Brown Automotive loaned the car to him. *See Revisore v. West,* 450 S.W.2d 361, 364 (Tex.Civ.App.—Houston [14th Dist.] 1970, no writ) (noting condition of entrustee at time vehicle is loaned is factor to consider). Although Barnett testified that he had difficulty starting the loaner vehicle, he did not testify that his difficulty stemmed from any intoxication or impairment, and neither Barnett nor the friend that drove him to Brown Automotive testified that Barnett was visibly intoxicated or impaired. In addition, no evidence was presented that any employee of Brown Automotive personally knew Barnett and was aware of his drinking habits or mental state. Because the evidence did not present any circumstance to show Brown Automotive knew or should have known Barnett was incompetent or reckless, Brown Automotive did not have a duty to inquire further into Barnett's competency to drive.

■■■■■ Assuming Brown Automotive had checked Barnett's driving record, "[t]here is no question that an entrustee's previous driving record or driving habits may show incompetence, recklessness or intemperance." *Revisore,* 450 S.W.2d at 364. However, Barnett's driving record revealed only one conviction in May of 1991 for driving while intoxicated in December of 1990, which was over seven years before the accident at issue. The

driving record reflected that Barnett successfully completed a DWI education program as required under the terms of his probation. In *Nobbie v. Agency Rent–A–Car, Inc.,* 763 S.W.2d 590, 593 (Tex.App.—Corpus Christi 1988, writ denied), the appellate court refused to find a rental agency liable for negligent entrustment even though a review of the driver's record would have revealed that her license was suspended in connection with a judgment entered eight years before the accident in question. Similarly, in *Pryor v. Brown & Root USA, Inc.,* the Alabama Supreme Court affirmed a summary judgment in a negligent entrustment case even though the driver had been placed on deferred adjudication probation for DUI ten years before the accident in question. 674 So.2d 45, 51–52 (Ala.1995). Therefore, even if Brown Automotive had checked Barnett's driving record, the one incident noted was too remote to create a fact issue with regard to Barnett's incompetence or recklessness.

■■■■■ With regard to Barnett's health records, requiring or even permitting a person lending a car to access a person's health records is inconsistent with Texas law that treats such information as confidential and restricts its disclosure. *See* TEX.R. EVID. 509; TEX. OCC.CODE ANN. § 159.002 (Vernon Supp.2001).

CONCLUSION

The trial court's judgment is affirmed.