Edward G. BATTE, Sr., and Betty A. Batte, Individually and as Husband and Wife and as Survivors of the Estate of Edward G. Batte, Jr., Appellants

v.

Joyce HENDRICKS, Appellee.

No. 05–03–00700–CV.

Court of Appeals of Texas, Dallas.

May 10, 2004.

Rehearing Overruled July 19, 2004.

Jay Crismon Vecchio, Vecchio & Vecchio, Grand Prairie, Shawn M. McCaskill, Goodwin Gruber, P.C., Dallas, for Appellants.

Aric L. Stock, Touchstone, Bernays, Johnson, Beall, Smith, Dallas, for Appellee.

Before Justices BRIDGES, FRANCIS, and LANG–MIERS.

## OPINION

Opinion by Justice BRIDGES.

Edward G. Batte, Sr., and Betty A. Batte, individually and as husband and wife and as survivors of the estate of Edward G. Batte, Jr. ("the Battes"), appeal the trial court's summary judgment in favor of Joyce Hendricks. In a single issue, the Battes argue the trial court erred in granting summary judgment. We affirm the trial court's judgment.

On October 16, 2002, the Battes' son was killed in an accident with a vehicle owned by Hendricks but driven by Richard Felix, who was intoxicated at the time. The Battes sued Hendricks under a negligent entrustment theory. Hendricks filed a motion for summary judgment on the grounds that (1) she had revoked her permission for Felix to drive her truck prior to the accident, (2) no evidence existed to prove Felix was an incompetent driver, and (3) she had no reason to know that Felix was unlicensed, incompetent, or reckless. The trial court granted Hendricks' motion, and this appeal followed.

In a single issue, the Battes argue fact issues exist as to whether Hendricks negligently entrusted her truck to Felix. Specifically, they argue Hendricks' statement to her automobile insurance company conflicts with her summary judgment affidavit, and these conflicts raise fact issues as to whether Hendricks entrusted her

vehicle to Felix, Felix was unlicensed, incompetent, or reckless, and Hendricks knew or should have known Felix was unlicensed, incompetent, or reckless.

The standard of review of a summary judgment is well established. *See Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548 (Tex.1985). When both parties move for summary judgment, each party "bears the burden of establishing that it is entitled to judgment as a matter of law." *Guynes v. Galveston County,* 861 S.W.2d 861, 862 (Tex.1993). A motion for summary judgment must itself expressly present the grounds upon which it is made and must stand or fall on those grounds alone. *Espalin v. Children's Med. Ctr. Of Dallas,* 27 S.W.3d 675, 688 (Tex.App.-Dallas 2000, no pet.). When the summary judgment order does not state the grounds upon which it is based, the party challenging the order must show that each of the independent arguments alleged in the motion is insufficient to support the order. *Jones v. Hyman,* 107 S.W.3d 830, 832 (Tex.App.-Dallas 2003, no pet.); *Williams v. City of Dallas,* 53 S.W.3d 780, 785 (Tex.App.-Dallas 2001, no pet.).

To establish negligent entrustment in their suit against Hendricks, the Battes must prove: (1) Hendricks' entrustment of the vehicle, as the owner; (2) to an unlicensed, incompetent, or reckless driver; (3) whom Hendricks knew or should have known was unlicensed, incompetent, or reckless; (4) that the driver was negligent on the occasion in question; and (5) that the driver's negligence proximately caused the accident. *Schneider v. Esperanza Transmission Co.,* 744 S.W.2d 595, 596 (Tex.1987); *Soodeen v. Rychel,* 802 S.W.2d 361, 362 (Tex.App.-Houston [1st Dist.] 1990, writ denied).

We first address the Battes' argument that Hendricks' failure to inquire into Felix's driving record constituted negligence in entrusting her vehicle to Felix. Specifi-

cally, the Battes argue Hendricks should have known about Felix's "prior criminal conduct" and his guilty plea to a charge of driving while intoxicated sixteen years prior to the accident in question. However, a sixteen-year-old guilty plea to driving while intoxicated is too remote to create a fact issue with regard to Felix's incompetence or recklessness. *See Avalos v. Brown Auto. Center, Inc.,* 63 S.W.3d 42, 49 (Tex.App.-San Antonio 2001, no pet.) (seven-year-old driving while intoxicated conviction too remote to create fact issue regarding driver's incompetence or recklessness).

In addition, Hendricks' affidavit attached to her motion for summary judgment stated that she had been a passenger while Felix was driving a vehicle, and he had always driven safely, reasonably, and within appropriate driving requirements. Hendricks had never seen Felix drink alcohol to excess or operate a motor vehicle while under the influence of any substance. When she last saw Felix at 5:00 p.m. on the date of the accident, Felix did not appear to be under the influence of drugs or alcohol in any way. Hendricks spoke with Felix at approximately 9:00 p.m. that night, and she did not suspect that he had been drinking alcohol or was under the influence of any substance. The record indicates the accident occurred at 9:50 p.m.

Most importantly, the record shows Felix was a licensed driver at the time of the accident with no driving-related offenses other than the sixteen-year-old driving while intoxicated conviction. The possession of a valid, unrestricted driver's license is evidence of a driver's competency absent any evidence to the contrary. *Avalos,* 63 S.W.3d at 48; *Bartley v. Budget Rent–A–Car Corp.,* 919 S.W.2d 747, 752 (Tex.App.-Amarillo 1996, writ denied). Under the facts and circumstances of this case, we conclude no fact issue exists on

the issue of whether Hendricks knew or should have known that Felix was an unlicensed, incompetent, or reckless driver. *See Avalos,* 63 S.W.3d at 48; *Bartley,* 919 S.W.2d at 752. Accordingly, the trial court did not err in granting summary judgment in favor of Hendricks. *See Nixon,* 690 S.W.2d at 548; *Schneider,* 744 S.W.2d at 596. We overrule the Battes' single issue.

We affirm the trial court's judgment.