PER CURIAM:
Compass Bank appeals the dismissal of its complaint against King, Griffin & Adamson, P.C. and Lawrence King. It also moves this Court to certify the following question to the Texas Supreme Court: whether Texas uses an actual knowledge test or a foreseeability requirement for negligent misrepresentation claims against accountants. Compare Restatement (Second) of ToRts § 522 (1977) (requiring actual knowledge), with Blue Bell v. Peat, Marwick, Mitchell & Co., 715 S.W.2d 408 (Tex.App.—Dallas 1986, writ ref'd n.r.e.) (requiring foreseeability). While certifying the question would be “determinative” in the sense that it would resolve the case, “we do not use certification as a panacea for resolution of those complex or difficult state law questions which have not been answered by the highest' court of the state.” Patterson v. Mobil Oil Corp., 335 F.3d 476, 487 (5th Cir.2003) (quoting Free v. Abbott Labs., Inc., 164 F.3d 270, 274 (5th Cir.1999)). In light of the recent decision in Tara Capital Partners I, L.P. v. Deloitte & Touche, L.L.P., No. 05-03-00746-CV, 2004 WL 1119947 (Tex.App.—Dallas May 20, 2004), and the cogent and sound arguments of the district court, Compass Bank v. King Griffin & Adamson P.C., 2003 WL 22077721, at *2-4 (N.D.Tex.2003), we are persuaded that the Restatement’s actual knowledge standard applies to accountants in Texas. As a consequence, we deny the motion for certification.[1]
*506 For those same reasons, the decision of the district court is AFFIRMED.

. The dissent argues that this question should be certified to the Supreme Court because there is not "sufficient controlling guidance from the Texas Supreme Court in McCamish." Dissent at 506 (DeMoss, J., dissenting). However, the Texas Supreme Court has adopted the Restatement for torts of negligent misrepresentation in toto. See Fed. Land *506 Bank Ass'n of Tyler v. Sloane, 825 S.W.2d 439, 442 (Tex.1991). If that court had fashioned exceptions to the Restatement for different professions, we might be persuaded that there is an open question in this case. It has not done so. Without a clear line of Texas appellate court holdings to the contrary, there is no reason to think that the Texas Supreme Court would deviate from its well-established rule and therefore no reason to certify the question to that court.