DeMOSS, Circuit Judge,
concurring in part and dissenting in part:
Insofar as the majority opinion upholds the district court’s grant of a new trial to Cates and, consequently, the verdict of the second trial, I concur. However, I respectfully dissent from the portion of the majority’s opinion that holds that Florida law applies to the issue of vicarious liability-
This case is undisputedly based on diversity jurisdiction, and our responsibility in diversity cases is to determine what the substantive law of the forum state is, not what we think it should be. See Am. Nat’l Gen. Ins. Co. v. Ryan, 274 F.3d 319, 328 (5th Cir.2001); Boardman v. United Servs. Auto. Ass'n, 742 F.2d 847, 851 (5th Cir. 1984). Moreover, once we have determined what the law is, our duty is to apply it, not to define its contours. Boardman, 742 F.2d at 851. I dissent from the majority’s opinion because the majority uses the wrong approach in determining what Texas’s conflicts law is and in doing so, reaches the wrong result.
The majority cites a Texas Supreme Court case, Duncan v. Cessna Aircraft Co., 665 S.W.2d 414 (Tex.1984), for the proposition that Texas follows the Restatement (Second) of Conflict of Laws to determine choice of law in tort cases and *467 appears to conclude that Texas would adopt section 174 of the Restatement in the vicarious liability context. The majority then provides a quite voluminous analysis of how section 174 applies to the facts of this ease. But the Texas Supreme Court has never applied the most-significant-relationship test in a vicarious liability case. Consequently, it is unclear (1) whether Texas’s highest court would adopt section 174 as controlling law in the vicarious liability context and (2) how that same court would interpret that section even if it did. Moreover, where a state’s highest court has not yet spoken on an issue, we have stated that we will look to the state’s appellate courts for guidance unless we are convinced that the highest court of the state would not adopt the appellate courts’ reasoning. Primrose Operating Co. v. Nat’l Am. Ins. Co., 382 F.3d 546, 564-65 (5th Cir.2004). The best evidence of what the Texas Supreme Court would do in this case can be found in Bartley v. Budget Rent-A-Car Corp., 919 S.W.2d 747 (Tex. App. — Amarillo 1996), which I describe below in my discussion of how this case should have been decided.[1] Remarkably, the majority makes no mention at all of Bartley and fails to indicate why it believes the supreme court of Texas would not follow the reasoning set out there. And even if the majority has good reason not to follow Bartley, it fails to consider the next best solution in a choice of law case in which guidance from the state’s supreme court is lacking: certification.
I have spoken out on the importance of certification several times in the past, see, e.g., Tanks v. Lockheed Martin Corp., 417 F.3d 456, 468 (5th Cir.2005) (DeMoss, J., specially concurring); Compass Bank v. King, Griffin & Adamson P.C., 388 F.3d 504, 506-07 (5th Cir.2004) (DeMoss, J., dissenting), and one reason I dissent here is to emphasize my position regarding that important judicial tool. As I have said before, certifying an unanswered question to a state’s supreme court is a preferable course of action to our trying to make an Erie guess as to the question of state law involved. Granted, we have refused to certify when the state’s law is clear, but the law is anything but clear here — section 174 is ambiguous, and it has never been adopted or interpreted by a Texas court. This Circuit used to subscribe to a federalist policy of seeking guidance in diversity cases from “the one court constitutionally entitled to supply it,” the supreme court of the forum state. Boardman, 742 F.2d at 851; see also Puckett v. Rufenacht, Bromagen, & Hertz, Inc., 90S F.2d 1014, 1021 n. 13 (5th Cir.1990) (“This course [of certifying questions directly to the supreme court of the forum state] has been pursued often by the Fifth Circuit and has been enthusiastically endorsed by the Supreme Court.”). However, the majority’s refusal to even consider certification indicates this Circuit’s increasing animosity towards the use of certification in diversity cases. I urge the Court to return to these principles of federalism. As former Chief Judge Brown aptly stated in Boardman, quoting his own law review article, “Federal courts should hesitate to ‘trade judicial robes for the garb of prophet’ ... when an available certification procedure renders the crystal ball or divining rod unnecessary.” Boardman, 742 F.2d at 851 (quoting John R. Brown, Certification — Federalism in Ac *468 tion, 7 Cumb. L.Rev. 455, 455 (1977)). We should heed Judge Brown’s advice and use the great tool of certification more freely.
Another reason I dissent is that even if the majority uses the right approach, I believe it reaches the wrong result. First, Bartley is a good indicator of how the Texas Supreme Court would decide this case. Not only are Bartley’s facts substantially similar (a Texas plaintiff suing a Michigan car rental agency for the negligence of a driver), but also the underlying policy reason for selecting Texas substantive law is the same. In Bartley, the Seventh Court of Appeals of Texas declined to apply the law of Michigan, the state where the car rental agency was located, because it found that layering Michigan’s “no fault” liability scheme on top of Texas’s system of “propoi'tional responsibility and recovery” would have an unjust result, especially when the limited damages aspect of Michigan law was not also imported. Bartley, 919 S.W.2d at 755-56. The Bartley court found it determinative that the plaintiff sought a recovery unlimited by law through application of part of a Michigan law that, if applied in its entirety, would have limited recovery. Id. at 755. In this case, the plaintiff attempts to recover $2,156,000.00 from the defendant car rental agency under Florida’s dangerous instrumentality doctrine. Yet the plaintiff does not seek application of the rest of Florida’s laws, which limit the liability of lessors who rent or lease a motor vehicle for less than one year. See Fla. Stat. Ann. § . 324.021(9)(b)(2) (generally limiting a lessor’s liability to $100,000 per individual and $300,000 per incident (unless the lessor does not carry adequate insurance)); see also Fischer v. Alessan-drini, 907 So.2d 569, 570-71 (Fla.Dist.Ct. App.2005) (discussing the policy for limiting recovery under the dangerous instrumentality doctrine). I do not see how the majority can ignore Bartley on these facts, especially where “applying the law of the forum, Texas, will further its own policy of serving the interest of certainty, predictability and uniformity of result, thereby providing ease in the determination and application of the law.” Bartley, 919 S.W.2d at 756.
The second reason I believe the majority reaches the wrong result is that it misinterprets sections 174 and 145 of the Restatement. First, the comments to section 174 do not cover the situation where party A, a domiciliary of state X, rents a car from B rental agency in state X and, with permission, drives to state Y and negligently injures party C there. Furthermore, comment c states,
Vicarious liability may also be imposed by application of the local law of some state other than that of conduct and injury. So, for example, vicarious liability may be imposed under the local law of the state where the relationship between the one sought to be held liable and the tortfeasor is centered. Application of the local law of this state to impose vicarious liability is particularly likely if this state has some relationship to the injured plaintiff.
Restatement (Second) of Conflict of Laws § 174 cmt. c (1971) (emphasis added). Here, Florida has no relationship to the injured plaintiff. Therefore, section 174 does not provide a concrete answer as to whether vicarious liability should be imposed on the car rental agency in our case, contrary to the majority’s assertion.
Turning to section 145, the majority incorrectly interprets the fourth contact to be considered under that section in determining what state law applies to a specific issue in a tort case — “the place where the relationship, if any, between the parties is centered.” See id. § 145(2)(d). The majority states that the relevant relationship *469 is “that which arises from the lease of the automobile.” But there was no relationship between the parties prior to the accident in this case, and at least one Texas court has held that section 145’s fourth contact is irrelevant in that situation. Bartley, 919 S.W.2d at 755. Because the majority finds this contact to be determinative in Part B.3.b of its opinion, I believe its result is flawed.
Because I have not been able to convince the majority to certify the conflicts question presented in this case to the Texas Supreme Court, I suggest what I believe is the next best option for the district court on remand: Now that we have affirmed the $2,156,000.00 judgment in favor of Cates against Creamer, the district court should dismiss without prejudice Cates’s claim against Hertz, and thereby permit Cates to sue Hertz in Florida on the theory that Florida’s vicarious liability law makes Hertz liable to pay the judgment against Creamer. See Manshack v. Southwestern Elec. Power Co., 915 F.2d 172, 174 (5th Cir.1990) (“[T]he courts have generally followed the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit.”). Although some courts have held that dismissal is not appropriate when the plaintiff will reinstate the action in a forum that will apply a different body of substantive law, see, e.g., Rodriguez v. Marks Bros. Pickle Co., 102 F.R.D. 104 (E.D.Wis.1984), that is not the case here. The majority opinion requires the district court in Texas to apply Florida state law, and that is the same body of substantive law that a Florida court would apply if the claim against Hertz were brought there. No prejudice to the defendant would result. Manshack, 915 F.2d at 174 (finding no prejudice where the same choice of law principles would apply in state court).
For the above reasons, I respectfully dissent from the portion of the majority’s opinion that holds that Florida law applies to the issue of vicarious liability, and I recommend that the district court below dismiss the claim against Hertz without prejudice so that the plaintiff can bring her claim against Hertz in Florida state court.

. There is another Texas appeals court case that not only agrees with Bartley but also agrees with the district court below that Texas law should apply in a case like this. Perkins v. Dynasty Group Auto, No. 08-01-00493-CV, 2003 WL 22810452, at *3-*4 (Tex.App. — El Paso Nov. 25, 2003) (unpublished). However, because that case is not published, I only cite it here to bolster my contention that Bart-ley is the best evidence of what the Texas Supreme Court would do.