*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00563-CV

Carrie Denise **STUDEMEYER**,
Appellant

v.

Abraham F. **DIAZ**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 313881
Honorable Timothy Johnson, Judge Presiding

**OPINION ON APPELLANT'S MOTION FOR REHEARING**

Opinion by:    Phylis J. Speedlin, Justice

Sitting:    Sandee Bryan Marion, Justice
            Phylis J. Speedlin, Justice
            Marialyn Barnard, Justice

Delivered and Filed:   May 6, 2009

AFFIRMED

The motion for rehearing filed by appellant Carrie Denise Studemeyer is denied. This court's

opinion and judgment dated March 25, 2009, are withdrawn, and this opinion and judgment are

substituted.

Jamaica Perez parked her running car at a gas station and left her three young children inside.

While Perez was in the convenience store paying for the gas, one of the children moved the gear

shift, causing the car to hit Carrie Studemeyer's vehicle. Studemeyer sued Abraham Diaz, Perez's father, alleging that he negligently entrusted the car to his daughter. In response, Diaz filed no-evidence and traditional motions for summary judgment, asserting that (1) Perez was not an unlicensed, incompetent, or reckless driver at the time he loaned his car to her, and (2) even if she were, he had no such actual knowledge. The trial court signed a final order granting Diaz's motion for summary judgment.

The standards for reviewing summary judgments are well settled. *Medistar Corp. v. Schmidt*, 267 S.W.3d 150, 157 (Tex. App.—San Antonio 2008, pet. denied). We review a trial court's summary judgment *de novo*. *Joe v. Two Thirty Nine Joint Venture,* 145 S.W.3d 150, 156-57 (Tex. 2004). To prevail on a traditional motion for summary judgment, the movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Sw. Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex. 2002). "A movant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim." *Grant,* 73 S.W.3d at 215. "When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Joe,* 145 S.W.3d at 157. We will affirm the trial court's summary judgment if any of the theories presented to the court and preserved for appellate review are meritorious. *Id.*

On appeal, Studemeyer argues that the trial court erred in granting the traditional motion for summary judgment while simultaneously "denying" the no-evidence motion.[1] Because the two

---

[1] In support of her contention that the trial court denied Diaz's no-evidence motion for summary judgment, Studemeyer points to the trial court's docket entry sheet which states, "No evid SJ heard – denied – traditional SJ heard – granted." Generally, "[a] docket entry forms no part of the record which may be considered; it is a memorandum made for the trial court and clerk's convenience." *See Energo Int'l Corp. v. Modern Indus. Heating, Inc.*, 722 S.W.2d 149,

motions challenged the same grounds, she asserts that if the evidence was sufficient to defeat the no-evidence motion, then it should have also been sufficient to defeat the traditional motion. Specifically, Studemeyer contends that "[i]n denying the . . . no evidence motion for summary judgment, the trial court held that [Studemeyer] presented more than a scintilla of evidence in support of the third element of her negligent entrustment claim." Studemeyer's argument, however, erroneously characterizes the trial court's order. The trial court order grants Diaz's motion for summary judgment; it neither denies Diaz's no-evidence motion nor holds that Studemeyer presented more than a scintilla of evidence to support an element of her claim for negligent entrustment. Accordingly, we will consider whether the trial court erred in granting Diaz's motion for summary judgment.

The elements of negligent entrustment are: (1) entrustment of the vehicle by the owner; (2) to an unlicensed, incompetent, or reckless driver; (3) that the owner knew or should have known at the time of entrustment to be unlicensed, incompetent, or reckless; (4) that the driver was negligent on the occasion in question; and (5) that driver's negligence proximately caused the accident. *See Goodyear Tire & Rubber Co. v. Mayes,* 236 S.W.3d 754, 758 (Tex. 2007) (per curiam) (citing *Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 596 (Tex. 1987)); *Avalos v. Brown Auto. Ctr., Inc.,* 63 S.W.3d 42, 48 (Tex. App.—San Antonio 2001, no pet.). Diaz moved for summary judgment on the second and third elements, asserting that there was no genuine issue of material fact that Perez was an unlicensed, incompetent, or reckless driver or that he knew or had reason to know that Perez was an unlicensed, incompetent, or reckless driver.

Diaz's motion for summary judgment was supported by Perez's driving record, showing that

151 (Tex. App.—Dallas 1986, no writ).

she was a licensed driver at the time of the accident. Further, the motion was supported by Diaz's own affidavit attesting to the following facts: he entrusted his vehicle to Perez; he knew Perez to be a competent and fit driver who would not create an unreasonable risk of danger to persons or property on the public streets and highways of Texas; and that Perez had never exhibited any conduct which would lead him to reasonably believe that she was an incompetent or reckless driver or that she would permit other persons to operate the vehicle that he had entrusted to her. None of this evidence was objected to by Studemeyer. Further, Studemeyer failed to present any evidence relating to Perez's driving history or demonstrating that Diaz should have known his daughter was a reckless or incompetent driver. Instead, Studemeyer argued in her response to the motions for summary judgment that, "[a]s a parent," Diaz "should have foreseen that three minor children would present problems for a 23 year[-]old mother at 6:40 in the evening, at the end of a long work day. Simply put, [Diaz] should have foreseen that his daughter would be reckless and in a hurry at the end of a long, hot day." We disagree that such a speculative contention amounts to more than a scintilla of evidence that Diaz knew Perez was an incompetent or reckless driver at the time he loaned his car to her. *See Webster v. Allstate Ins. Co.*, 833 S.W.2d 747, 749 (Tex. App.—Houston [1st Dist.] 1992, no writ) (holding that response to summary judgment motion was nothing more than a responsive pleading, and that pleadings are not summary judgment evidence). Because Diaz conclusively negated at least one essential element of Studemeyer's negligent entrustment claim, he was entitled to judgment on that claim as a matter of law. TEX. R. CIV. P. 166a(c); *see Grant,* 73 S.W.3d at 215. Accordingly, we affirm the judgment of the trial court.

Phylis J. Speedlin, Justice

-4-

04-08-00563-CV